**DICKSON, an Infant, etc. v GASTL**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5735. Decided March 11, 1940

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for appellee.

Gallagher, Dorr & Manley, Cincinnati, for appellant.

**OPINION**

By MATTHEWS, J.

The plaintiff obtained a judgment against the defendant, who was a lessor of real estate, on account of personal injuries alleged to have been received through the negligence of the defendant in failing to use reasonable care in maintaining a common passageway. The premises were occupied by several tenants, and the place where the injuries were alleged to have been received was an outside stairway used by several tenants, and of which the lessor retained control. The plaintiff's father was one of these tenants and the plaintiff was a minor son sixteen years old at the time and living in the leased apartment as a member of his father's family.

The issues at the trial were negligence, contributory negligence, whether any injury was received, and, if so, the extent of it.

The jury found a verdict for $2500.00. Motions for a new trial and for judg-

ment were overruled, and judgment entered on the verdict. It _s that judgment that is under review on this appeal.

Various errors are assigned, which we will consider in the order in which they are discussed in the briefs.

(1) The plaintiff and his brother testified that the railing around the platform at the top of the stairs was defective and gave way allowing the plaintiff to fall about eight feet to the ground. The plaintiff testified that he received injuries to his wrist and back as a result of the fall. The record leaves no doubt that he was injured from some cause, but the defendant produced three witnesses who testified that the plaintiff told them that he received these injuries as a result of falling from a coal car a short time before the time he testified he fell from the stair landing. To corroborate the plaintiff's testimony as to the extent of his injuries and the r nner of receiving them, the plaintiff offered in evidence the record of the General Hospital, in which was the recital that the plaintiff "fell off a porch at home a week ago." The defendant objected to the introduction of this part of the hospital record. Over this objection the court admitted the entire record. It was read to the jury and plaintiff's counsel given the right to comment upon it in argument to the jury.

It is apparent from the record that one of the purposes for which this record was introduced was to corroborate the plaintiff's testimony that he fell from the porch or platform. and thereby received injuries, for which he was treated at the hospital. There is no doubt that it was very persuasive on that subject, and, when we consider the evidence of contradictory statements made by the plaintiff. it is easy to conclude that this hospital record may have been the controlling item influencing the jury in the plaintiff's favor. There is no doubt that it was material. Was it competent?

That such statements made to a physician are incompetent as evidence on behalf of the patient to prove the cause of an injury is clear. They would be self-serving declarations, not coming within any exception to the general rule excluding such statements. 17 O. Jur., 341, et seq., 20 Am. Jur. 531, et seq., Coutellier v Industrial Commission, 126 Oh St 546, Dugan v Industrial Commission, 135 Oh St 632.

It is equally well settled that in the absence of a statute, such a statement incorporated in a hospital record is inadmissible in favor of the patient, and this is especially true when the patient is a party to the action, is present and competent to testify. It lacks all the elements of trustworthiness and necessity upon which other entries in hospital records are admissible. 3 Wigmore on Evidence (2 ed.) 155, Kellogg v Industrial Commission, 60 Oh Ap 22, at 27 and 28.

It is claimed that §12102-23 GC, effective on the 6th day of September, 1939, makes this record admissible in its entirely. It is provided by that section that:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if. in the opinion of the court. the sources of information, method and time of preparation were such as to justify its admission."

We are of the opinion that this statute is inapplicable, because it is limited by its terms to such entries as the custodian testifies were made "at or near the time of the act, condition or event." This entry relates to an event concerning which the custodian did not, and manifestly could not, testify. It does not purport to be the record of an

act, condition or event transpiring in the regular course of business and made at or near the time of its occurrence. It occurred, if at all, two weeks before and had no significance in relation to the usual course of the hospital business. The most that could have any relevancy to his treatment was that he had had an injury to his wrist and back by a fall. When, where, and how he fell were entirely immaterial so far as determining the nature of treatment was concerned.

In Sadjak v Parker-Wolverine Co., 281 Mich., 84, the court held such an entry inadmissible under an essentially similar statute. At page 87, the court said:

"The sole question presented by appellant is whether plaintiff met the burden of proof to establish that the decedent sustained a compensable injury that arose out of and in the course of his employment. Notwithstanding the objection of appellants' counsel, the department gave some consideration to certain portions of the hospital record which also stated that the decedent fell from a ladder. It is claimed that, as this statement is part of the hospital record, it was admissible under Act No. 15, Pub. Acts 1935, amending 3 Comp. Laws 1929, sec. 14207. We discussed the act in Gile v Hudnutt, 279 Mich. 358, where we stated that the act contained its own limitations. What decedent told the hospital authorities did not refer to any act, transaction, occurrence, or event in the hospital treatment. The portion of the record thus objected to was pure hearsay and of no evidentiary force and inadmissible."

Our conclusion is, that this part of the hospital record was improperly admitted and that, considering the almost numerical balance of the witnesses on the subject and the other circumstances, that its admission was so prejudicial as to require a reversal of this judgment.

(2) The defendant contends that the court erred in overruling his motions for judgment, and that, there-fore, this court should enter final judgment in his favor, and, if he is wrong in that, at least the judgment should be reversed as manifestly against the weight of the evidence. The answers to certain interrogatories are claimed to be inconsistent with the general verdict and error in refusing to give one special interrogatory and two special charges, is also claimed.

We do not deem it necessary to consider these assignments separately.

The plaintiff was a minor aged sixteen years. According to his testimony, he was lawfully at a place which defendant was under a legal duty to exercise reasonable care to keep in such a state that it would be reasonably safe for the plaintiff to use.

If the jury believed the plaintiff his injuries resulted from the concomitancy of the slippery stair-landing and the defective railing, and that this was not a constant condition, but variable, dependent upon water or other slippery substance on the landing. We believe it cannot be said as a matter of law that the minor plaintiff was negligent in using this stairway under the circumstances.

We find no other error in the record.

For these reasons, the judgment is reversed, and the cause remanded for a new trial.

HAMILTON, PJ. & ROSS, J., concur.