The motion to dismiss the appeal on questions of law and fact will be overruled.

*Motion overruled.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.

ZEIGLER MILLING CO., APPELLEE, *v.* DENMAN ET AL., APPELLANTS.

(No. 424—Decided November 19, 1946.)

*Mr. Fred O. Snyder,* for appellee.
*Mr. T. B. Mateer,* for appellants.

SHERICK, P. J. This appeal presents two questions. The first question concerns the admissibility in evidence of a check stub offered as corroborative evidence of the issuance and delivery of a check given to plaintiff's agent in payment of an account which is the basis

of this action. The check stub was denied admission. Of this ruling defendant, appellant herein, complains.

It is agreed that the early law of Ohio denied admissibility under the rule that self-serving declarations are not permissible in evidence. Defendant, however, urges that such a business record is now competent under Section 12102-23, General Code, which reads as follows:

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

C. E. Denman, the managing partner, testified that the check stub was filled out at the time the check was drawn and delivered to plaintiff's agent; that it was done in the usual course of business; and that it was the firm's usual practice. The stub reads that the check was drawn to the order of plaintiff. Plaintiff's agent denied that such a check was delivered to him. The check and the invoice covering the account sued upon have been lost. A check of the same amount was cashed two days later at defendant's depositor bank. The bank did not have photostatic equipment. It can state only that a check for that amount was duly drawn and cashed; that it did not clear through another bank; and that it is now unable to state to whom it was made payable or who cashed it. Plaintiff produced evidence that it never received the check; that its agent had authority to accept the check; and that it has never received payment of its account.

252

It is, of course, the rule that issuance and delivery of a check is a step toward payment. Payment, however, does not take place until the creditor or his duly authorized agent receives and cashes it. When a debtor pleads payment, the burden is upon him to prove payment. The check stub could be only corroborative proof of the check's issuance and delivery to plaintiff's agent. It could not be direct proof of payment, but supports an inference that plaintiff's agent did receive it. This the agent denies and the bank is unable to identify the agent as the one who cashed it. So the issue stands unbalanced.

The inference is that the agent was dishonest. However, there exists a second inference of equal weight, that is, the defendant made the check to the order of self and cashed it. When a state of facts discloses a situation from which two reasonable but irreconcilable inferences may be drawn, neither shall be indulged.

True the statute noted broadens the field of proof of business transactions, but it is observed that incorporated therein are these words, ''and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission,'' which words clearly signify that the court is granted a discretion in such a case. It is not claimed that the court abused its discretion but that it erred in excluding the check stub from the evidence. In view of the fact that the stub tends to support proof of issuance and delivery only, and not payment; that it is a self-serving declaration; that two irreconcilable, reasonable inferences are deductible from the facts; and that proof of payment otherwise stands in equipoise and is not proven by a preponderance of the evidence, we cannot determine that the court abused its discretion or committed error in excluding the check

stub from the evidence. Had the defendant carefully preserved the check or its receipted invoice, the controversy could hardly have arisen.

The Court of Appeals of the Second Appellate District, in the unofficially reported case of *Eikenberry* v. *McFall*, 33 Ohio Law Abs., 525, 529, 36 N. E. (2d), 27, we believe correctly concluded that:

"The entire purpose of the enactment of Section 12102-23, and kindred sections, was the elimination of the nuisance rule which frequently required a parade of innumerable witnesses to properly identify records where entries were made by different persons. The enactment of the above quoted section obviates a calling of so many witnesses and permits the introduction in evidence of the records, where relevant, through the identifying testimony of the person under whose supervision such records were made."

It is the further judgment of this court that the Legislature in the enactment of Section 12102-23, General Code, did not intend thereby to make relevant or competent that which was not responsive to the issue made, or to make competent in evidence that which theretofore had been repeatedly held to be incompetent for various unassailable reasons; but did intend to expedite proof of records which were competent and relevant records of business transactions, "made in the regular course of business, at or near the time of the act, condition or event."

In *Dickson* v. *Gastl*, 64 Ohio App., 346, 28 N. E. (2d), 688, is to be found a like understanding of the section's purpose. It was therein held that a self-serving declaration contained in a hospital record was "not admissible in evidence, either at common law or under the provisions of Section 12102-23, General Code."

The second question goes to the weight of the evi-

dence. The court has already answered that question in part. A jury had been waived. The court, therefore, sat as both judge and jury. It was the sole judge of the credibility of the witnesses. This court cannot substitute its judgment for that of the trial court. Had the trial court's judgment been otherwise, even in view of any direct positive evidence of payment, this court would have hesitated in disturbing that judgment, as the whole controversy resolved itself into whether C. E. Denman or plaintiff's agent spoke the truth.

The judgment must be and is affirmed.

*Judgment affirmed.*

PUTNAM, J., concurs.
MONTGOMERY, J., dissents.