OPINION
{¶ 1} The appellant, Klingshirn Sons Trucking Co., Inc. ("Klingshirn"), appeals the July 2, 2002 judgment of the Municipal Court of Celina, Mercer County, Ohio, ordering it to pay monies in its possession on behalf of the defendant-appellee, Frederick Ward.
 {¶ 2} The relevant facts of this case are as follows: On August 16, 2000, the Celina Municipal Court granted default judgment in favor of the plaintiff-appellee, Giere's Truck Trailer, Inc. ("Giere's"), against Ward in the amount of $4,245.26 plus interest at the rate of 10% per annum. Thereafter, two debtor's examinations were ordered, and Giere's discovered that Ward had filed suit against Klingshirn in an unrelated matter. On April 22, 2002, Giere's filed an affidavit and notice of garnishment to both Robert J. Klingshirn and Klingshirn Sons Trucking Co., Inc. The following day a return of service was filed, which reflected that Robert Klingshirn was personally served with his notice of garnishment on April 22, 2002. However, the statutory agent for the trucking company was not served with its garnishment notice until April 24, 2002. On April 25, 2002, the trial court assigned this matter for hearing on May 3, 2002.
 {¶ 3} Klingshirn Sons Trucking Co., Inc., filed its answer to the garnishment notice on May 1, 2002. The answer stated that Klingshirn did not have any funds in which Ward had an interest on April 24, 2002, the date on which it was served with the garnishment notice. Giere's then filed a motion for a special examination of Klingshirn, stating that Klingshirn failed to answer satisfactorily and failed to comply with the order of the trial court. This motion was granted by the court, and the special examination was set for May 29, 2002. However, the parties both agree that this examination did not occur. Giere's then filed a memorandum in support of its position that Klingshirn did have funds in its possession in which Ward had an interest as of the date of service of the garnishment notice. Klingshirn responded to this memorandum with a memorandum of its own. After reviewing the record, the trial court found in favor of Giere's and ordered Klingshirn to pay $5,422.90, the amount then due, to Giere's.[1] This appeal followed, and Klingshirn now asserts four assignments of error. Because these issues are interrelated, they will be discussed together.
 {¶ 4} "THE LOWER COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT TO PAY FUNDS PURSUANT TO O.R.C. 2716.21(F) IN AN ACTION FOR CONTEMPT UNDER O.R.C. 2716.21(E)."
 {¶ 5} "THE LOWER COURT ERRED IN MAKING ITS RULING WITHOUT HEARING EVIDENCE AND TESTIMONY AS TO KEY FACTS AT ISSUE."
 {¶ 6} "THE LOWER COURT ERRED IN FINDING THAT APPELLANT HAD FUNDS IN ITS POSSESSION OR CONTROL AT THE TIME OF SERVICE OF GARNISHMENT."
 {¶ 7} "THE LOWER COURT ERRED IN NOT ALLOWING FOR SET-OFF FOR VALID DEBT AS PAID BY APPELLANT."
 {¶ 8} Ohio law allows a judgment creditor to initiate a proceeding for garnishment of property, "other than personal earnings," belonging to the judgment debtor after a judgment has been rendered "by the filing of an affidavit[.]" R.C. 2716.11. Ohio law further provides that the court "shall cause the matter to be set for hearing within twelve days" after the judgment creditor has initiated the garnishment proceedings. R.C.2716.13. Once the hearing is scheduled, the garnishee must be served with notice "in the same manner as a summons is served." R.C. 2716.13(B).
 {¶ 9} The garnishee is then required to file an answer with the court that issued the garnishment order. R.C. 2716.21(B). "If a garnishee fails to answer as required by this section, [or] answers but fails to answer satisfactorily," the court may proceed against the garnishee for contempt. R.C. 2716.21(E). The judgment creditor may also request a special examination of the garnishee for these same reasons. R.C.2716.21(E). The judgment creditor further may proceed against the garnishee by civil action if the garnishee does not answer, "answers and the garnishee's answer is not satisfactory to the judgment creditor, or fails to comply with the order of the court to pay the money owed or deliver the property into court[.]" R.C. 2716.21(F)(1).
¶ 10 In the present case, the affidavit and garnishment notice were filed on April 22, 2002. However, Klingshirn was not served until April 24, 2002. According to the briefs filed with this court and the memoranda filed with the trial court by the parties, Klingshirn delivered a check made payable to the trust account of Ward's attorney on April 23, 2002, as part of a settlement agreement reached between Klingshirn and Ward, which Ward accepted. The briefs also indicate that the trial court in which the case between Klingshirn and Ward was pending dismissed the action on April 25, 2002. Although Giere's maintains that Klingshirn and Ward agreed that this check was not payable until the case was dismissed, the record is devoid of any evidence of the conditions of the settlement. In fact, the record is devoid of any evidence at all regarding the suit between Klingshirn and Ward.
¶ 11 Upon reaching the determination that Klingshirn failed to answer satisfactorily, Giere's did not proceed against it by instituting a civil action as R.C. 2716.21(F)(1) permits. Rather, Giere's requested a special examination, which apparently did not occur, and the court ordered Klingshirn to pay $5,422.90 to Giere's. Although the trial court's entry does not specifically find Klingshirn in contempt, this course of action only reflects a form of procedure authorized by R.C. 2716.21(E), which is a contempt statute.
¶ 12 Contempt may be classified as either direct or indirect. Inre Purola (1991), 73 Ohio App.3d 306, 310. Direct contempt occurs when the conduct constituting contempt is "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice[.]" In re Lands (1946), 146 Ohio St. 589, 595. "Because direct contempt of court occurs in a way closely related to the court itself, a finding of direct contempt may occur summarily. Due process does not require the court to provide the contemnor with a hearing." In rePerula, 73 Ohio App.3d at 311-312. However, "[a]n indirect contempt of court is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." In reLands, 146 Ohio St. at 595. Because indirect contempt occurs outside the presence of the court, "a hearing is required to provide the contemnor with the opportunity to explain his actions." In re Purola,73 Ohio App.3d at 312.
¶ 13 In the present case, a hearing was not held in order to provide Klingshirn with the opportunity to explain its actions. In addition, the Ohio Supreme Court has determined "that liability for contempt under R.C. 2716.21(E) is contingent on a finding that the garnishee failed to answer, answered but failed to answer `satisfactorily,' or failed to comply with a `proper' order of the court." Januzzi v. Hickman (1991), 61 Ohio St.3d 40, 44. However, the trial court's entry does not reflect any such finding nor could it, considering the fact that the court had absolutely no evidence with which to make this determination. To the contrary, the court only examined the memoranda filed by the parties prior to ordering Klingshirn to pay Giere's $5,422.90. Although Giere's contends that Klingshirn stated in a conference in chambers that it waived any evidentiary hearing and agreed to filing a memorandum in lieu of a hearing, the record does not reflect any such waiver. By following this method of procedure, the trial court erred. Therefore, the first and second assignments of error are sustained.
¶ 14 The third assignment of error asserts that the trial court erred in finding that Klingshirn had funds in its control in which Ward had an interest at the time of service of garnishment. As previously noted, the trial court had no evidence before it as to whether Klingshirn had funds in its control at the time of service of garnishment. Therefore, Klingshirn is correct in its argument that the trial court erred in making this determination. However, Klingshirn asserts that the trial court erred in making this determination because Klingshirn delivered the settlement check to Ward's attorney and Ward accepted the check prior to Klingshirn being served with the garnishment notice in the present case. We cannot agree with Klingshirn as to this assertion because the record is devoid of any evidence of whether the check was delivered and accepted prior to the garnishment notice being served upon its statutory agent.
¶ 15 The Revised Code states that the garnishee is to be served "in the same manner as a summons is served." R.C. 2716.13(B). In addition, personal service is only effective upon receipt. See Civ.R. 4.1(B); Castellano v. Kosydar (1975), 42 Ohio St.2d 107, 110. Giere's requested that Klingshirn's statutory agent be personally served. Therefore, until personal service of the garnishment notice was received, Klingshirn was under no duty to relinquish or otherwise retain any property in its possession in which Ward had an interest. See R.C.2716.21(B)-(D).
¶ 16 Nevertheless, Giere's contends that the check was not cashed and the suit between Ward and Klingshirn was not dismissed until after Klingshirn was served. Thus, Giere's maintains that Klingshirn had funds under its control in which Ward had an interest at the time of service because Klingshirn could have stopped payment on the check. We disagree.
¶ 17 Giere's correctly indicates that the "issuance and delivery of a check is a step toward payment. Payment, however, does not take place until the creditor or his duly authorized agent receives and cashes it." Zeigler Milling Co. v. Denman (1946), 79 Ohio App. 250, 252. However, assuming arguendo, which this Court must because there is no evidence in support of either party's contentions, that Giere's version of the facts in this case is accurate, we decline to hold that Klingshirn was obligated to issue a stop payment order on the check after delivering it pursuant to settlement negotiations in another suit. To do so would place an undue burden on a garnishee who issues a check prior to being served with a notice of garnishment and who may incur additional expenses for stopping payment on the check. Therefore, if, upon remand, the trial court determines that the garnishment notice was received after Klingshirn issued and delivered the check and Ward accepted it pursuant to settlement negotiations, then it cannot find Klingshirn in contempt. Once again, we note that the facts upon which we rely in making this determination are not presented by way of evidence but are merely arguments purported by the parties. Accordingly, the third assignment of error is sustained as it pertains to the trial court's error in making this determination without evidence.
¶ 18 Finally, Klingshirn argues that the trial court should have allowed a set-off amount for Ward's attorney's fees. However, Ward's attorney is not a party to the current dispute. In addition, Klingshirn has no standing to assert another's potential right of set-off. See OhioContract Carrier's Assoc., v. Pub. Util. Comm'n. (1942), 140 Ohio St. 160, syllabus. Therefore, the fourth assignment of error is overruled.
¶ 19 For these reasons, the first, second, and third assignments of error are sustained, and the fourth assignment of error is overruled. Therefore, the judgment of the Celina Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 HADLEY and WALTERS, JJ., concur.
[1] Giere's only proceeded against Klingshirn Sons Trucking Co., Inc., not Robert Klingshirn, individually.