314

THE STATE, EX REL. CURRY, APPELLEE, *v.* GRAND VALLEY LOCAL SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Cite as State, ex rel. Curry, v. Bd. of Edn. (1980),
61 Ohio St. 2d 314.]

(No. 79-671—Decided March 19, 1980.)

Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., Mr. Eugene Green and Mr. Barry R. Laine, for appellee.

Messrs. Squire, Sanders & Dempsey, Mr. John F. Lewis, Mr. Gregory B. Scott, Messrs. Petersen, Pasqualone & Burt and Mr. Terry G. Pasqualone, for appellant.

Per Curiam.  Appellant, in its first proposition of law, asserts that it is not in contempt because it substantially complied with the court order dated July 5, 1977, by paying appellee for the 1976-1977 academic year. In essence, appellant asserts that it can not be held in contempt for failing to issue a continuing contract of employment when the complaint in mandamus filed by the appellee prayed for only the issuance of "a written contract of employment for the academic year 1976-77***."

It is rudimentary that contempt will be excused by either actual or substantial compliance with a mandamus order. See State, ex rel., v. Crites (1891), 48 Ohio St. 460; State, ex rel. Maple, v. Hamilton (1912), 19 C. C. (N.S.) 229.

The record of the mandamus action is void of any mention of a "continuing contract." Rather, the mandamus order specifically directs the issuance of a "contract of employment for the 1976-77 academic year." The court's order of July 5, 1977, was couched in the words of appellee's prayer.

As noted in the facts herein, it is undisputed that appellant has paid appellee the amount due her for the 1976-1977 academic school year. Thereafter, the appellant, in full compliance with R. C. 3319.11, notified appellee of its intention not to reemploy her.

Accordingly, we hold that appellant did substantially comply with the mandamus order as specifically worded, by paying her the amount due for the 1976-1977 academic year. Therefore, we hold that appellant is not in contempt and that its first proposition of law is meritorious.

Appellant asserts two additional propositions of law which do not merit discussion or review due to our holding as to its first proposition of law.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.