OPINION
Defendant-appellant Craig Bishop ("husband") appeals the October 18, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which found him in contempt and sentenced him accordingly. Plaintiff-appellee is Tamera Bishop ("wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on February 14, 1988. Two children were born as issue of said union, to wit: Craig, Jr. (DOB 8/22/88), and Jessica (DOB 3/2/93). Wife filed a Complaint for Divorce on October 18, 1996. Husband filed an Answer and Counterclaim on January 16, 1997. Via Judgment Entry/Decree of Divorce filed November 25, 1998, the trial court granted a divorce to both husband and wife based upon the grounds of incompatibility. The decree specifically stated, "[Husband] shall pay the second mortgage (equity line of credit) and hold [wife] harmless from the same."[1] The trial court also ordered husband to pay wife "a one-time asset adjustment of One Thousand Fifty and 50/100 Dollars ($1,050.50)."[2]
On March 12, 2001, wife filed a Motion for Contempt, alleging husband was in violation of the decree by failing to make the required payments on the home equity loan. Subsequently, on September 18, 2001, wife filed a second Motion for Contempt, alleging husband had again failed to make timely payments on the home equity loan, and the one-time asset adjustment.
The trial court scheduled a hearing on the March motion on January 10, 2002, the date of the final trial. The trial court conducted an evidentiary hearing relative to the September motion on October 17, 2001. After hearing all the evidence, the trial court found husband in contempt. The trial court sentenced husband to thirty days in the Stark County Jail, and imposed fines and costs in the amount of $250.00. Additionally, the trial court ordered husband to pay wife $350.00 in attorney fees. The trial court memorialized its decision and sentence via Judgment Entry filed October 18, 2001.
It is from this judgment entry husband appeals, raising the following assignments of error:
 I. BECAUSE THE DECREE WAS UNCLEAR AS TO EXACTLY WHAT MR. BISHOP'S DUTIES WERE WITH RESPECT TO THE TIMELINESS OF PAYMENTS ON THE EQUITY LINE, MRS. BISHOP'S MOTION WAS NOT ENFORCEABLE IN CONTEMPT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING MR. BISHOP IN CONTEMPT BECAUSE MR. BISHOP HAD, AT THE LEAST, SUBSTANTIALLY COMPLIED WITH THE COURT'S ORDERS AND IT WAS NOT IN HIS POWER TO TIMELY MAKE ALL PAYMENTS IF THAT WAS IN FACT AN OBLIGATION IMPOSED BY THE DECREE.
 III. THE TRIAL COURT'S FINDING THAT MR. BISHOP WAS IN CONTEMPT FOR FAILING TO HOLD MRS. BISHOP HARMLESS ON THE EQUITY LINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF THE TRIAL COURT'S DISCRETION.
 IV. THE TRIAL COURT ERRED IN FAILING TO PROVIDE MR. BISHOP WITH AN OPPORTUNITY TO PURGE HIS CONTEMPT THEREFORE ITS ORDER IS VOID.
 V. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY AWARDING ATTORNEY FEES.
 I
In his first assignment of error, husband submits the motion for contempt was not enforceable because the decree was unclear as to husband's duties with respect to the timeliness of the payments on the home equity loan.
 Ohio law clearly establishes that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute.[3]
Further, where "a divorce decree is susceptible to two possible interpretations, a court must adopt an interpretation that gives effect to the decree in its entirety without eliminating a part of the decree."[4] This Court reviews such an interpretive decision under an abuse of discretion standard.[5] An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.[6] When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.[7]
In the instant action, the decree ordered husband to "pay the second mortgage (equity line of credit) and hold [wife] harmless from the same."[8] Husband contends the decree is unclear and ambiguous because it fails to set forth the time frame in which he was required to make the monthly payments. We disagree with husband and find the trial court did not abuse its discretion in finding the home equity loan payments were monthly due on the monthly due date set by the lender. Inherent in a court's order mandating a party be responsible for a particular debt is the requirement that that debt be paid on the due date, not at the obligee's whim.
Having found the decree to be clear and unambiguous, we further find the trial court did not abuse its discretion in proceeding with the contempt hearing. It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him.[9] The decree herein met these requirements; therefore, the trial court could proceed with the contempt hearing.
Husband's first assignment of error is overruled.
 II
In his second assignment of error, husband maintains the trial court abused its discretion in holding him in contempt. Husband sets forth two grounds upon which he supports this assertion. First, husband argues he substantially complied with the decree. Additionally, husband contends it was not possible for him to pay the home equity loan on the monthly due date. We shall address each in turn.
Husband correctly asserts substantial compliance may constitute a defense to a charge of contempt in a proper case.[10] However, a review of the record reveals husband did not substantially comply with the decree relative to the home equity payment. Husband admits he made late payments on the home equity loan, but justified his behavior by noting no action had ever been instituted against wife or the property.[11] Husband further acknowledged he knew he was required to make timely payments on the home equity loan.
We find the evidence which establishes husband repeatedly made late payments, sometimes by as much as thirty-three days, and often made the requisite payments only after wife filed motions for contempt, belies his assertion he substantially complied with the decree.
Next, husband asserts the trial court abused its discretion in finding him in contempt because it was out of his power to obey the order. A person charged with contempt for violation of a court order may defend by proving it was not in his power to obey the order.[12] The party seeking to establish the defense of impossibility bares the burden of satisfying the court his failure to obey was due to his inability to render obedience.[13]
Upon review of the record, we find husband failed to establish he had financial difficulties which caused his inability to pay the home equity loan in a timely manner. Unsubstantiated claims of financial difficulties are insufficient to satisfy an alleged contemnor's burden.[14] Because husband has not substantiated his claim of financial difficultly or other impossibility, we find the trial court did not abuse its discretion in finding him in contempt.
Husband' second assignment of error is overruled.
 III
In his third assignment of error, husband asserts the trial court's decision to hold him in contempt was an abuse of discretion as the trial court's finding upon which it based it decision was against the manifest weight of the evidence.
A trial court's ruling on a motion in contempt will not be disturbed on appeal absent an abuse of discretion.[15] In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[16] We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
However, the trial court's findings upon which it predicates its decision are reviewed under a manifest weight of the evidence standard. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.[17] A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.[18]
Specifically, husband submits there was no evidence to establish he failed to hold wife harmless. The decree requires husband to pay the home equity loan and hold wife harmless from the same. Husband notes the evidence at the hearing established he was current on all payments and late charges owed on the home equity loan. Husband adds the evidence further revealed wife was not harmed by husband's late payments as she was never required to make any of the monthly payments or pay any late fees, and the lender had not instituted any foreclosure proceedings.
We find the provision in the decree which requires husband to pay the monthly payments on the home equity loan and to hold wife harmless from the same is to be read in the disjunctive. Husband's responsibility is to pay the monthly installments on the home equity loan. If husband defaults on the loan or becomes delinquent, the lender has the right to accelerate payments or institute foreclosure proceedings, at which time wife would become responsible for any or all of the monies due. Under the decree, husband would be required to reimburse wife for any monies she expended. The entire scenario need not be played out before the trial court can find husband in violation of the decree. Rather, the only relevant consideration for the trial court is whether husband made timely payments on the home equity loan. As stated supra, husband acknowledged his failure to do so; therefore, the trial court's finding husband was in violation of the decree is not against the manifest weight of the evidence.
Having found husband in violation of the decree, the trial court could, in its discretion, decide whether to hold husband in contempt. We find no abuse of discretion in the trial court's decision to hold husband in contempt.
Husband's third assignment of error is overruled.
 IV
In his fourth assignment of error, husband maintains the trial court erred in failing to provide him with an opportunity to purge his contempt.
Civil contempt utilizes a sanction which is imposed to coerce the contemnor to comply with the court's order.[19] Under civil contempt, prison sentences are conditional, i.e., the contemnor is imprisoned until he obeys the court order.[20] "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil."[21] It is undisputed the contempt in the instant action is civil. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt.[22] "The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered."[23]
The trial court's October 17, 2001 Judgment Entry provides, "[husband] may purge this contempt finding upon his substantial compliance with all court orders and payment of partial Atty fees $350 plus the court costs of this action." Husband argues he has substantially complied with the court's orders as all payments and late fees on the home equity loan were made and the loan was current at the time of the hearing. It is clear when wife filed her motion for contempt husband had not made monthly installments on the home equity loan, however, once the motion was filed, husband made such payments. Had he not, the trial court would have ordered those payments as an additional purge requirement. Because those payments were already made, the trial court allowed husband the opportunity to purge by paying wife's attorney fees as well as court costs. Accordingly, we find the trial court did afford husband an opportunity to purge the contempt.
Husband's fourth assignment of error is overruled.
 V
In his final assignment of error, husband maintains the trial court abused its discretion and erred in awarding attorney fees to wife.
An award of attorney fees in a post-decree domestic proceeding lies within the sound discretion of the trial court.[24] In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[25]
Husband argues the trial court's award of attorney fees was an abuse of discretion "because: (1) there was no evidence as to the number of hours expended in preparing this matter; (2) no itemization of the hours allegedly spent on this matter vs. the other motions currently pending which were filed by counsel for [wife]; and (3) no expert testimony regarding the reasonableness of the value of the fees sought."[26]
Upon review of the record, we agree with husband no evidence was offered regarding the number of hours spent by counsel for wife. Wife's counsel offered no direct testimony on this issue nor did he proffer any documentation relative to the hours spent on this matter. Additionally, wife did not present expert testimony on the subject of attorney fees.
While we find the trial court did not abuse its discretion in awarding attorney fees, we find the trial court abused its discretion in determining the amount of attorney fees awarded in light of the complete lack evidence as to time and reasonable value. Accordingly, we remand this issue to the trial court for a full hearing regarding the amount of attorney fees payable by husband to wife for her successful prosecution of the contempt motion.
Husband's fifth assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the matter remanded for further proceedings relative to the issue of attorney fees.
By: HOFFMAN, P.J. GWIN, J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the matter remanded for further proceedings in accordance with our opinion and the law relative to the award of attorney fees. Costs assessed to appellant.
[1] November 25, 1998 Judgment Entry/Decree of Divorce at 2, unpaginated.
[2] Id.
[3] Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341, 348.
[4] Ward v. Ward (1983), 13 Ohio App.3d 302, 302.
[5] Keeley v. Keeley (July 21, 1997), Clermont App. No. CA97-02-013, unreported, at *4.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[7] Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552.
[8] Supra.
[9] Collette v. Collette (Aug. 22, 2001), Summit App. No. 20423, unreported (Citation omitted).
[10] State ex rel. Curry v. Bd. of Edn. (1980),61 Ohio St.2d 314.
[11] Brief of Appellant at 10.
[12] Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140.
[13] In re: Purola (1991), 73 Ohio App.3d 306, 313-114. (Citation omitted).
[14] Pettit v. Pettit (Dec. 23, 1993), Cuyahoga App. No. 64582, unreported.
[15] Pingue v. Pingue (Nov. 6, 1995), Delaware App. No. 95-2006, unreported; Smith v. Smith (Mar. 3, 1997), Stark App. No. 96-CA-0285, unreported.
[16] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[17] C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
[18] Myers v. Garson (1993), 66 Ohio St.3d 610.
[19] Con-Tex Inc. v. Consolidated Technologies, Inc. (1988),40 Ohio App.3d 94.
[20] Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253
[21] Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14,16.
[22] Fry v. Fry (1989), 64 Ohio App.3d 519, 523.
[23] Brown v. Executive 200, Inc., supra at 253.
[24] Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
[25] Blakemore v. Blakemore, supra.
[26] Brief of Appellant at 14.