OPINION
{¶ 1} Defendant-Appellant, Daniel Durst, appeals a Seneca County Common Pleas Court judgment overruling his Civ.R. 60(B) motion as untimely and imposing a thirty-day contempt sentence for his failure to comply with previous orders in an action initiated by Plaintiff-Appellees, Michele Geiser-Durst, Duane Durst, and D D Hauling, LLC, for judicial dissolution of a partnership. Appellant argues that the trial court erred by imposing discovery sanctions and by failing to identify good will and a customer list as partnership assets. However, Appellant failed to appeal that decision, and a Civ.R. 60(B) motion cannot substitute for a direct appeal. Appellant further asserts that he had substantially complied with the court's orders and that the contempt sanction contains no purge condition. Although substantial compliance will not preclude a contempt finding, because the contempt was civil in nature, Appellant was entitled to a purge condition. Accordingly, we must reverse the judgment of the trial court insofar as it failed to afford Appellant an opportunity to purge his contempt.
 {¶ 2} Facts and procedural posture relevant to issues raised on appeal are as follows: In January 2001, Michelle Geiser-Durst filed a complaint against Appellant seeking the judicial dissolution of a partnership in a refuse disposal business known as D D Hauling. Duane Durst and D D Hauling, LLC (a company distinct from the partnership), were subsequently joined as parties to the action. Appellant was ordered to place $39,000 of partnership funds in his attorney's trust account.
 {¶ 3} When Appellant failed to respond to Appellees' interrogatories or requests for production of documents, the trial court sanctioned Appellant by limiting the evidence he could present at trial.
 {¶ 4} The matter proceeded to trial, and the court examined whether a partnership existed, who the partners of the partnership were, whether dissolution was appropriate under Ohio law, what the partnership's present assets were, and how the partnership should be divided. On June 26, 2001, the trial court found that Duane Durst and Appellant had operated a partnership known as D D Hauling, that Duane had sold his interest to Michelle Geiser-Durst, and that the partnership should be dissolved. The court then identified and ordered the distribution of the partnership's assets and liabilities. A receiver was subsequently appointed to complete the sale.
 {¶ 5} On August 22, 2002, Appellees moved to hold Appellant in contempt for failure to comply with orders to turn over partnership equipment and assets. Appellant was ordered to appear and show cause why should not be held in contempt.
 {¶ 6} On September 5, 2002, Appellant moved, pursuant to Civ.R. 60(B), to set aside the June 26, 2001 judgment based upon fraud and newly discovered evidence.
 {¶ 7} On September 11, 2002, the trial court overruled Appellants' Civ.R. 60(B) motion as untimely and sentenced him to thirty-days confinement for contempt. From this decision Appellant appeals, presenting three assignments of error for our review. Because Appellant's first and second assignments of error seek to challenge the order of dissolution and distribution of the partnership's assets, we have elected to consolidate these assignments for purposes of analysis and resolution.
Assignment of Error Number One
 The Trial Court committed error prejudicial to Defendant by denying the Defendant, as a party to the action, the right to present rebuttal evidence as to the assets of a partnership and their value, upon trial.
 Assignment of Error Number Two
 The Court committed error prejudicial to the Defendant when it did not consider the customer list and good will assets of a partnership in a judicial dissolution of a partnership.
 {¶ 8} In September 2002, Appellant moved for relief from the June 26, 2001 judgment based upon fraud and newly discovered evidence. Appellant claimed to have recently discovered incidents of fraud affecting the value of the partnership and complained that the partnership's good will and customer list should have been identified as partnership assets. On appeal, Appellant additionally argues that the trial court erred by imposing evidentiary sanctions upon his failure to comply with discovery.
 {¶ 9} An appellate court has such jurisdiction as provided by law to review and affirm, modify, or reverse judgments or final orders of the inferior courts within its district.[1] An order of an inferior court is a final appealable order only if the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, are met.[2] If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.[3]
 {¶ 10} R.C. 2505.02(B)(2) provides that an order affecting a substantial right made in a special proceeding is a final appealable order. Statutory dissolution of a partnership pursuant to R.C. 1775.31, rather than according to terms providing for dissolution in a partnership agreement, is a special proceeding under R.C. 2505.02.[4] Furthermore, "it is clear that [a] trial court's order of dissolution affects the substantial rights of all partners, as well as the partnership itself, as an ongoing enterprise."[5] Because appeal after winding-up, accounting, and distribution of partnership assets is not practicable, an order for dissolution is generally a final appealable order.[6]
Concomitantly, an entry of dissolution comprising a complete determination and disposition of the entire merits of the cause about which there was any controversy is a final appealable order as to questions fully tried and determined by the court.[7]
 {¶ 11} In this case, the June 26, 2001 judgment entry, ordering dissolution and distribution of the partnership's assets, was a final appealable order. The order determined the entire merits of the cause about which there was any controversy, leaving only ministerial duties and the distribution of partnership assets, which follow as a matter of course. However, Appellant failed to appeal the judgment within thirty days, as provided in App.R. 4(A). Instead, Appellant waited more than fourteen months to move for relief from judgment pursuant to Civ.R. 60(B). As grounds for his motion, Appellant cited fraud and newly discovered evidence under Civ.R. 60(B)(2) and (3). In this regard, the trial court correctly observed that Civ.R. 60(B) directs that motions for relief for fraud or newly discovered evidence shall be made not more than twelve months after the judgment was entered. Insofar as the motion challenges the court's identification of partnership assets, a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal premised on law and facts that were available to the trial court at the time it made its decision.[8] Moreover, Appellant's motion for relief contains no argument as to the propriety of the court's discovery sanctions.
 {¶ 12} Accordingly, Appellant's first and second assignments of error are overruled.
Assignment of Error Number Three
 The court committed prejudicial error in finding the Defendant-Appellant in contempt of court where the evidence presented showed Defendant had substantially purged himself from contempt.
 {¶ 13} Within his third assignment of error, Appellant argues that he had substantially complied with the order by the time of the show cause hearing. Appellant further asserts that his contempt was civil in nature, and that the court erred by failing to afford him an opportunity to purge the contempt.
 {¶ 14} On July 16, 2002, the trial court issued an order concluding the winding up, sale, and distribution of the partnership's assets. Appellant was directed to turn over equipment and assets to the successful bidder and sign, notarize and deliver all corresponding titles by July 23, 2002. He was further ordered to distribute funds held in his attorney's trust account within seven days. On August 22, 2002, Appellees moved for contempt, citing Appellant's continued failure to comply with the orders. Appellant was directed to appear on September 5, 2002, and show cause why he should not be held in contempt. The show cause hearing was continued until September 11, 2002. Upon consideration of the evidence presented, the trial court found Appellant to be in contempt of the court's orders and sentenced him to thirty-days confinement, beginning October 15, 2002.
 {¶ 15} Initially, we note that decisions in contempt proceedings will not be reversed on appeal absent an abuse of discretion.[9] An abuse of discretion occurs when a court renders a decision that is arbitrary, unreasonable or unconscionable.[10] "A decision is unreasonable if there is no sound reasoning process that would support that decision."[11]
 {¶ 16} Contempt is generally defined as disobedience or resistance to a process, order, rule, or judgment of a court.[12] "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."[13] Contempt of court is divided into indirect and direct contempt and further divided into civil and criminal contempt. The importance of classifying the nature of the contempt is the effect the classification has upon the contemnor's rights.[14]
 {¶ 17} Courts distinguish the civil or criminal nature of contempt proceedings based on the purpose to be served by the sanction.[15] In determining whether contemptuous behavior is civil or criminal, the pertinent test is "what does the court primarily seek to accomplish by imposing sentence?"[16] Criminal contempt sanctions are punitive in nature and are designed to vindicate the authority of the court.[17]
Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order.[18] Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court.[19] A sanction for civil contempt must allow the contemnor to purge himself of the contempt.[20] Once the contemnor complies with the court's order, the purpose of the contempt sanction has been achieved and the sanction is discontinued.[21]
 {¶ 18} Appellant avers that he had substantially complied with the court's orders, concluding that the court erred in finding him in contempt. While contempt may be excused with actual or substantial compliance under proper circumstances,[22] the Ohio Supreme Court has rejected the argument that substantial compliance with a court order must preclude a finding of contempt.[23] Substantial compliance will not shield a disobedient party who is able to comply with a court's order from contempt sanctions. Appellant does not contest that he was in violation of the orders or claim that he was otherwise unable to comply therewith. Accordingly, we do not find that the trial court abused its discretion in finding Appellant in contempt.
 {¶ 19} Turning to the necessity of a purge condition, we find the contempt herein to be civil in nature because it related to violations against the party for whose benefit the order was made and was intended to compel compliance with the court's orders. The court's contempt sanction, however, imposes a mandatory thirty-day sentence without affording Appellant an opportunity to purge himself of his contempt. Therefore, Appellant's third assignment of error is sustained insofar as the court's sanction contains no purge condition.
 {¶ 20} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Seneca County Common Pleas Court is hereby reversed and remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and remanded.
 BRYANT, P.J., and CUPP, J., concur.
[1] Bautista v. Kolis (2001), 142 Ohio App.3d 169, 172.
[2] Id., citing Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86.
[3] Id., citing Davison v. Rini (1996), 115 Ohio App.3d 688, 692.
[4] Tilberry v. Body (1986), 24 Ohio St.3d 117, 120-121; R.C. 1775.31(A) and 2505.02.
[5] Id.
[6] Id.
[7] Evans v. Witt (1875), 26 Ohio St. 439, 445-446.
[8] Wilson v. Johnston (Sept. 9, 2002), Marion App. No. 9-02-07,2002-Ohio-4690, ¶ 6, citing Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91; State ex rel. Richard v. Cuyahoga Cty. Commrs. (2000),89 Ohio St.3d 205, 206; Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 381, paragraph one of syllabus.
[9] Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14,16; State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11.
[10] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[11] AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
[12] R.C. 2705.02(A).
[13] Denovchek, 36 Ohio St.3d at 15, quoting Windham Bank v.Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus.
[14] In re Purola (1991), 73 Ohio App.3d 306, 311.
[15] State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 554, citing Dan D. Dobbs, Contempt of Court: A Survey (1971), 56 Cornell L.Rev. 183, 235.
[16] State ex rel. Corn, 90 Ohio St.3d at 554-555, quoting Shillitaniv. United States (1966), 384 U.S. 364, 370, 86 S.Ct. 1531, 1535,16 L.Ed.2d 622, 627.
[17] Id., citing Denovchek, 36 Ohio St.3d at 15.
[18] Id.
[19] State v. Kilbane (1980), 61 Ohio St.2d 201, 204-205.
[20] In re Purola (1991), 73 Ohio App.3d 306, 312; Fry v. Fry (1989),64 Ohio App.3d 519, 523; Tucker v. Tucker (1983), 10 Ohio App.3d 251.
[21] Purola, supra, citing Cleveland v. Ramsey (1988),56 Ohio App.3d 108, 110.
[22] See, e.g., State ex rel. Curry v. Grand Valley Local Schools Bd.of Ed. (1980), 61 Ohio St.2d 314, 315.
[23] Rose v. Rose (Mar. 31, 1997), Franklin App. Nos. 96APF09-1150, 96APF11-1550, citing State ex rel. Celebrezze v. Gibbs (1991),60 Ohio St.3d 69, 75, rehearing denied (1991) 61 Ohio St.3d 1414.