**In re PUROLA.**

[Cite as *In re Purola* (1991), 73 Ohio App.3d 306.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–90–30.

Decided Nov. 8, 1991.

*Patrick T. Ryan* and *Albert L. Purola, pro se,* for appellant.

*Mark E. Spees,* Prosecuting Attorney, for appellee.

EVANS, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Auglaize County finding appellant guilty of contempt for failure to attend a pretrial conference.

Attorney Albert Purola ("appellant") agreed to represent John Duffy in the criminal case of *State v. Duffy,* case No. 90–C–85. By a letter to the Court of Common Pleas of Auglaize County dated June 11, 1990, Purola entered his appearance on behalf of Duffy. A not guilty plea was entered and Duffy's case was scheduled for a pretrial conference. On June 29, 1990, the pretrial conference was conducted. Purola was not in attendance. Rather, an associate of Purola met with the prosecuting attorney, discussed Duffy's case, then informed the court that a trial would probably be necessary. The court set a trial date and ordered that Purola, as trial counsel, be present at a final pretrial to be conducted on July 20, 1990.

By letter dated July 10, 1990, Purola requested that the pretrial be waived or in the alternative, that the pretrial conference be conducted by telephone. In response, the trial court vacated this pretrial date and set a new pretrial for August 13, 1990, with the requirement that Purola attend. By a letter to the court dated August 3, 1990, Purola stated that Duffy's case was "a seemingly 'run of the mill' criminal case without a great need for pretrial management, * * * " and again requested the court to allow the pretrial conference to be conducted by telephone. Purola claimed the distance between his office in Willoughby, Ohio and the court in Wapakoneta, Ohio constituted a time-consuming drive. The court denied this request and reiterated the need for Purola to be present at the pretrial conference scheduled for August 13, 1990.

On August 10, 1990, Purola filed a motion to continue the pretrial conference. Before granting this motion the court contacted Purola's office to obtain a firm date on which Purola would be available to attend a pretrial conference. The court established Monday, September 17, 1990, as the new date for the pretrial.

On Thursday, September 13, 1990, the court received a letter from Purola informing the court that he was withdrawing as Duffy's counsel. In this letter Purola stated that he was involved in an aggravated murder trial in Lake County which was extending beyond the time expected by Purola. In fact, prior to assuming the responsibility of Duffy's case, Purola was involved as the lead trial counsel in the Lake County murder case which continued until September 18, 1990.

On September 17, 1990, Purola did not appear as ordered at the final pretrial conference. The trial court subsequently issued "Orders on Bench Warrant" ordering Purola to appear and show cause why he should not be found in contempt of court. After a hearing on the matter, the court found Purola in direct contempt of court and ordered him to pay a fine of $100 plus costs.

Purola appeals asserting four assignments of error as follows:

"I. The lower court erred in finding appellant in direct contempt of court.

"II. The lower court erred in finding appellant in contempt of court because there is insufficient evidence to support a finding of contempt.

"III. The lower court erred in finding the appellant in contempt of court without rebutting the appellant's proof of impossibility of compliance and lack of intent.

"IV. The lower court erred in finding the appellant in contempt without due process of law by failing to apprise the appellant, at the outset, of the nature of the contempt charge as civil or criminal, by shifting to appellant the

burden of disproving the charge of contempt, and by relying on facts not proven or charged."

## I

■ For his first assignment of error appellant claims the trial court mistakenly characterized Purola's failure to appear as "direct contempt of court." Contempt may be classified as direct or indirect. Direct contempt has been defined by the Supreme Court of Ohio as misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process. * * *" *In re Lands* (1946), 146 Ohio St. 589, 595, 33 O.O. 80, 83, 67 N.E.2d 433, 437. Direct contempt usually involves some misbehavior which takes place in the actual courtroom. This concept, however, has been expanded to challenges against the authority of the court which are so near the court as to obstruct the administration of justice. See *State v. Local Union 5760* (1961), 172 Ohio St. 75, 15 O.O.2d 133, 173 N.E.2d 331, overruled as to the standard of proof required to establish criminal contempt by *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 252, 18 O.O.3d 446, 448, 416 N.E.2d 610, 612, fn. 1 (disaffirming any language which suggests the standard in criminal contempt is less than proof beyond a reasonable doubt). In *Local Union 5760,* striking union workers were held in contempt of court for preventing a deputy sheriff from executing a court's order to levy on certain property. In affirming the contempt charges, the Supreme Court stated, "[A] court may be deemed constructively present wherever any of its officers is engaged in the prosecution of the business of the court according to law." *Id.,* 172 Ohio St. at 82, 15 O.O.2d at 137, 173 N.E.2d at 337. By preventing the deputy sheriff, as an officer of the court, from implementing the court's order, the picketers were in direct contempt of court.

■ In contrast, "[a]n indirect contempt of court is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *In re Lands, supra,* 146 Ohio St. at 595, 33 O.O. at 83, 67 N.E.2d at 437. The Supreme Court of Ohio has ruled a defendant's failure to appear for his hearing on a traffic citation was an indirect contempt of court. *Oakwood v. Wuliger* (1982), 69 Ohio St.2d 453, 23 O.O.3d 398, 432 N.E.2d 809. Also, the Eighth District Court of Appeals has held failure to appear at or arriving late to a hearing or pretrial to constitutes indirect contempt of court. *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089. See, also, *East Cleveland v. Reed* (1977), 54 Ohio App.2d 147, 8 O.O.3d 277, 376 N.E.2d 973. Failure to pay child support as ordered by the

court is an indirect contempt of court committed outside the presence of the court. *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 16 OBR 377, 475 N.E.2d 1284. Finally, where an attorney's car broke down on the way to the courthouse causing the attorney to arrive ten minutes late, the Supreme Court differentiated between the failure to be present in court, which the court classified as an indirect contempt, and the direct contempt of entering the courtroom late. *Weiland v. Indus. Comm.* (1956), 166 Ohio St. 62, 66, 1 O.O.2d 198, 201, 139 N.E.2d 36, 39. Specifically the court stated:

"If the appellant was guilty of contempt, only a portion of the offense was direct and in the presence of the court, namely, entering the court late and after the trial had started. However, part of the alleged misconduct was committed on the trip * * * and hence not in or near the court itself. This was in the nature of an indirect contempt * * *."

In *Weiland*, by finding that the attorney's failure to appear was an indirect contempt, the Supreme Court precluded a summary finding against the attorney, which is permissible with direct contempt. By classifying the contempt as indirect, the attorney's due process rights were protected and he was allowed to offer an explanation for his tardiness.

■ The indirect classification of appellant's failure to appear as ordered for Duffy's final pretrial was not misconduct occurring in the actual or constructive presence of the court. As demonstrated in *Weiland, supra,* his failure to appear in court was an indirect contempt.

Contempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions. *Brown v. Executive 200, Inc., supra,* 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610. "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil." *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364, citing *Brown, supra,* 64 Ohio St.2d at 253, 18 O.O.3d at 449, 416 N.E.2d at 612. "Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence or fine." *Id.* Criminal contempt is also designed to vindicate the authority of the court. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 15 O.O.3d 221, 223, 400 N.E.2d 386, 390.

■ In the present case appellant was fined $100 for his failure to comply with the court's order to attend Duffy's final pretrial. The purpose of the fine was to vindicate the authority of the court. Thus, this contempt was criminal in nature.

■ The importance of classifying the types of contempt is the effect the classification has on the rights of the contemnor. Because direct contempt of

court occurs in a way closely related to the court itself, a finding of direct contempt may occur summarily. Due process does not require the court to provide the contemnor with a hearing. *In re Lands, supra,* 146 Ohio St. at 595, 33 O.O. at 82, 67 N.E.2d at 437. In contrast, indirect contempt of court does not occur in the presence of the court and a hearing is required to provide the contemnor with the opportunity to explain his actions. Further, if the indirect contempt is criminal in nature, then intent to defy the court must be proven beyond a reasonable doubt. *Brown v. Executive 200, Inc., supra.* A sanction for civil contempt, by contrast, must allow the contemnor to purge himself of the contempt. *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 10 OBR 364, 461 N.E.2d 1337. Once the contemnor complies with the court's order, the purpose of the contempt sanction has been achieved and the sanction is discontinued. *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 110, 564 N.E.2d 1089, 1091.

 Although in the case *sub judice* the trial court in its journal entry found appellant to be in direct contempt, the court treated the contempt as indirect criminal contempt. Appellant was provided with notice of the charge filed against him and was afforded a full hearing to explain his failure to appear at the scheduled pretrial. Further, the element of intent was satisfied by the court's finding that appellant's conduct was willful. Because the safeguards required for a finding of indirect criminal contempt of court were employed by the trial court, the mistake in the trial court's journal entry classifying the contempt as direct rather than indirect was harmless. Appellant's first assignment of error is overruled.

## II

 In his second assignment of error, appellant claims there was no showing of the requisite intent to defy the court's order. In *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 5 OBR 255, 449 N.E.2d 445, the Supreme Court of Ohio affirmed a conviction of contempt where the contemnor maintained that the evidence did not support a finding that he intended to obstruct the administration of justice. In *McFaul,* the Supreme Court at 123, 5 OBR at 257, 449 N.E.2d at 448, citing *State v. Johnson* (1978), 56 Ohio St.2d 35, 39, 10 O.O.3d 78, 80, 381 N.E.2d 637, 640, stated, "[A] person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts."

The natural and probable consequence of appellant's failure to attend the final pretrial coupled with his improper attempt to resign from Duffy's case was the obstruction of the administration of justice. Appellant, as an officer of the court, could hardly have been unaware of the obstructive effect of his

conduct on the operation of the court. See *State v. Weiner* (1974), 37 Ohio St.2d 11, 66 O.O.2d 6, 305 N.E.2d 794.

Further, his intent does not arise from a single act. Rather, the trial court found the requisite intent when viewing the totality of the circumstances surrounding appellant's failure to comply. After a full evidentiary hearing, the trial court stated in its journal entry:

"26. Attorney Purola's failure to appear at the Final Pre–Trial hearing on September 17, 1990, when taken in the light of the entire history of this case, Attorney Purola's failure to ask for a continuance, his failure to ask for leave to withdraw, his failure to take steps to give notice to his client, his failure to take steps to avoid foreseeable prejudice to the rights of his client, his attempting to withdraw from employment without allowing time for employment of other counsel, without delivering the file or papers to Mr. Duffy, and Mr. Purola's failure to provide Mr. Duffy with a copy of Local Rule 43 and failure to refund any retainer to Mr. Duffy, resulted in an obstruction of the administration of justice.

"27. Where the willful conduct of an attorney acts to violate rules of Court and rules of conduct to such an extent as to frustrate the administration of justice, and to the prejudice of his own client or any other party, such conduct must be sanctioned.

"28. In the instant case, Attorney Purola acted willfully in his conduct."

We agree that the totality of the circumstances must be considered to determine the intent of the contemnor. In this case the facts fully support the finding of contempt by the trial court. Appellant's second assignment of error is overruled.

### III

For his third assignment of error, appellant claims he could not be found in contempt because his defense of impossibility was not rebutted. Appellant contends that his involvement in the murder trial being conducted in Lake County made it impossible for him to attend the pretrial as ordered by the Court of Common Pleas of Auglaize County.

We have previously acknowledged the general rule that a person charged with contempt for a violation of a court order may defend by proving that it was not within his power to obey the order. *Courtney v. Courtney, supra*, 16 Ohio App.3d 329, 334, 16 OBR 377, 382, 475 N.E.2d 1284, 1290, citing *State ex rel. Cook v. Cook* (1902), 66 Ohio St. 566, 64 N.E. 567. However, the person who seeks to establish the defense of impossibility bears the burden of satisfying the court that his failure to obey was due to his

inability to render obedience. *Id.* The findings of the trial court indicate that appellant failed to meet his burden of proof. The trial court noted that appellant did not inform the court of his employment in the murder case or of any potential time conflicts until the letter received by the court on September 13, 1990, just three days before the scheduled pretrial. As an experienced attorney, appellant should have recognized the potential time conflicts and made the court aware of them. Avoiding scheduling conflicts is part of the trial court's objective in requiring trial counsel to be present at the pretrial conference. At the contempt hearing the trial court stated: "The only reason I asked to have Counsel here in person is so we can have a good understanding as to what's going on and so if there's scheduling conflicts like, 'Hey, Judge, I got a capital case that starts for trial and God knows how long it's going to take. It's a cult murder,' that we can know about that and schedule accordingly." Appellant's third assignment of error is overruled.

## IV

Appellant's final assignment of error asserts three challenges to the findings by the trial court. First appellant claims he was denied his due process rights by not having been informed of the specific nature of the contempt charge filed against him. Appellant claims he was not informed whether the contempt charge against him was civil or criminal in nature. In *Courtney, supra,* 16 Ohio App.3d at 332, 16 OBR at 381, 475 N.E.2d at 1289, this court stated:

"It has long been the established law of the United States as expressed in *In re Oliver* (1948), 333 U.S. 257, 275 [68 S.Ct. 499, 508, 92 L.Ed. 682, 695], that constitutional procedural due process 'requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.'"

All of these criteria were met in the present case. Appellant received written notice of the charge against him; he appeared, was represented by counsel, and was given the opportunity to be heard and present evidence in his favor. Further, this court has previously held that if the substantive rights of due process, including notice, a hearing and the opportunity to defend with counsel, were preserved prior to the final determination of a matter, then there is no prejudice to the appellant, even though the procedure employed may have deviated from the technical requirements of due process. *Fisher v. Fisher* (May 19, 1987), Auglaize App. No. 2–86–2, unreported, 1987 WL 11394.

Next, appellant claims the court erroneously placed on him the responsibility of proving he was not in contempt. We disagree. Discussions at the contempt hearing between the trial court and Purola indicate that the court did not place on Purola the burden of proving his innocence. Rather, the court reviewed with the contemnor the facts leading up to appellant's failure to appear. For example, the court and Purola discussed the selection of the pretrial date, which was set only after the trial judge had contacted Purola's office to establish a definite day when Purola would be available to attend. During this discussion appellant recognized his responsibility for the selection of the pretrial date and indicated that he thought he would be available on the day selected. Further, appellant chose to raise the affirmative defense of impossibility of compliance and, by doing so, appellant assumed the burden of proof as to this affirmative defense.

Appellant's final contention in this assignment of error is that the court relied on facts not proven or charged. Again, we disagree. Appellant did not make a timely effort to inform the court of potential scheduling conflicts caused by his involvement in the trial in Lake County. Appellant's resignation as counsel was received only three days before the pretrial. Finally, appellant failed to attend the pretrial as ordered. The record before us contains sufficient facts to find appellant guilty of contempt. It is well established that a judgment will not be reversed by a reviewing court as against the weight of the evidence if it is supported by any competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579.

By requiring appellant, as trial counsel for Duffy, to participate in a pretrial, the court was attempting to protect Duffy's rights as an accused. Recognizing the need to protect a criminal defendant, the Supreme Court of Ohio has stated:

"The rights of a defendant in a criminal case must be protected by the court. Among these rights is the right to a proper defense. * * * When an attorney, who is an officer of the court, assumes the defense of a prisoner at the bar, he must do his duty in the premises. His correct conduct as an officer of the court involves the dignity of the court itself. * * * For an attorney to undertake to appear and then not to appear is a contempt of court. * * * When the misbehavior of an attorney interferes with the work of the court, it amounts to a contempt of court. * * *" (Citations omitted.) *State ex rel. Shroder v. Shay* (1906), 3 Ohio N.P. (N.S.) 657, 672, 16 Ohio Dec. 446, 458 (finding an attorney in contempt for his failure to be present on the day of his client's trial). Appellant's fourth assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.