OPINION
Appellant Mal Hansen appeals the October 10, 2001 Judgment Entry of the Ashland County Court of Common Pleas which found him to be in contempt of court.
 STATEMENT OF THE FACTS AND CASE
This matter arises out of an action for wrongful death brought by Gary Adkins, the Administrator of the Estate of Jeremy Adkins, Deceased. The complaint alleges Adam Ferguson, the thirteen year old son of Samuel and Karen Ferguson, killed Jeremy Adkins with a firearm. Specifically, the complaint alleges Adam caused Jeremy's death by discharging a firearm at Jeremy's head. The complaint further alleges Samuel and Karen Ferguson negligently supervised their son and negligently permitted a dangerous condition to exist at their residence. Samuel and Karen Ferguson own a homeowners insurance policy issued by Allstate Insurance Company. Each of the three defendants timely filed an answer to the complaint. The family is represented by counsel retained by Allstate and by their own personal attorney.
On May 2, 2001, the trial court issued an order referring the case to mediation. The order stated, in part:
 Counsel and all parties are required to participate in the mediation process. Counsel, parties, and party representatives with authority to settle shall be present during all mediation conferences and unless excused by the Court Mediator. (In insurance cases, both the party defendant and the insurance company representative, shall attend.)
The record indicates the mediation took place on September 13, 2001. At that time, the defendants appeared with both of their attorneys. Attorney C. Michael Huff, counsel for the defendants provided by Allstate, attended the mediation as the insurance company representative with settlement authority. After participating in the mediation, Mr. Huff and the parties decided not to offer to settle the case at the mediation.
Appellant also attended the mediation hearing, although he was not required to do so. Appellant, an adjuster for Allstate, was in charge of the coverage investigation to determine whether or not Allstate would extend liability coverage for the accident. Appellant was not a participant in the wrongful death case against the defendants. In fact, appellant's role investigating the coverage issue was adverse to the defendants' interest in the tort action.
On September 13, 2001, the mediator filed a mediation status report with the clerk of courts. The document indicated the "defendant came to mediation without authority to settle and mediation was rescheduled for October 9 at 8:30 a.m."
On September 19, 2001, the trial court issued its contempt citation, and set a hearing on its motion to show cause for October 9, 2001, at 1:00 p.m. A mediation status report filed with the court on October 9, 2001, indicated the mediation was unsuccessful and the case was referred back to the court. Later the same day, the trial court conducted its motion to show cause hearing.
The trial court began the hearing by alleging the parties were in violation of the trial court's order referring the matter to arbitration.
The trial court stated:
 All parties and counsel are expected to make a good faith effort to cooperate with this order. Failure to attend and cooperate with the mediation may result in sanctions being imposed by the court.[1]
The trial court suggested Mr. Huff and appellant had violated the court's mediation order by failing to attend the mediation prepared to participate in the mediation. Thereafter, the trial court permitted argument from counsel with regard to each of the two individuals involved.
Appellant's counsel informed the court appellant was not directly involved in the claim and was not required to attend or participate in the mediation as a party or representative involved in the action. Appellant's attorney explained appellant was handling coverage investigation to determine whether or not liability coverage would be extended to the defendants for the accident. Appellant's attorney represented appellant attended the mediation as a courtesy, in an effort to facilitate matters and to see if his presence would be helpful.
After hearing the arguments of counsel, the trial court noted its exasperation with the fact two mediations had to be conducted at great time and expense to the parties and counsel. The trial court found appellant was a representative of the company and in contempt of court. The trial court stated appellant could have, and should have advised the court or the mediator a second mediation would have been unnecessary or unproductive. Further, the trial court found the first mediation to be a waste of time for the parties, the counsel, and the mediator "due in large in part to [appellant's] failure to provide in a professional manner the coverage issue discussion."[2]
In an October 10, 2001 Judgment Entry, the trial court found appellant to be in contempt of court. The trial court fined appellant $500, imposed a $1,000 fine for attorney fees, and sentenced appellant to twenty-four hours in jail. The trial court noted appellant could purge this contempt finding by paying $1,000 for the attorney fees to the clerk of courts before October 19, 2001. If Mr. Hansen failed to purge the contempt as noted, he was required to appear at the Ashland County Jail on October 22, 2001, to serve his twenty-four hour confinement and was required to pay his $1,500 on or before November 9, 2001. It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN CITING A NON-PARTY INSURANCE ADJUSTER FOR CONTEMPT AND SENTENCING HIM TO SERVE TIME IN JAIL, OSTENSIBLY FOR APPEARING AT MEDIATION WITHOUT SETTLEMENT AUTHORITY, WHEN ALL PARTIES AND THEIR INSURANCE REPRESENTATIVES DID ATTEND THE MEDIATION, WITH SETTLEMENT AUTHORITY, AND THIS ADJUSTER WAS NOT REQUIRED TO PARTICIPATE.
 II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO JAIL WITHOUT FIRST PROVIDING HIM WITH DUE PROCESS LAW.
 III. THE TRIAL COURT ERRED IN BASING ITS CONTEMPT FINDING UPON PRIVILEGED COMMUNICATIONS MADE DURING THE COURSE OF MEDIATION.
 I
In appellant's first assignment of error, he maintains the trial court abused its discretion in citing a nonparty insurance adjuster for contempt and sentencing him to serve time in jail where appellant was not bound by the order requiring him to participate in a mediation. We agree.
The parties concede appellant was a representative of Allstate Insurance. However, appellant was not the representative of Allstate with regard to the wrongful death action. While appellant was certainly notified of the mediation, he was not a named party to the action and not a representative of Allstate with regard to the action. In fact, Allstate sent Mr. Huff, as its representative with authority to settle the wrongful death action in compliance with the trial court's May 2, 2001 mediation order. This information was before the trial court at the contempt hearing.
Contempt has been defined as the disregard for judicial authority.State v. Flinn (1982), 7 Ohio App.3d 294, 455 N.E.2d 691. Contempt may be either direct or indirect. In re: Purola (1991), 73 Ohio App.3d 306,310, 596 N.E.2d 1140. Direct contempt occurs in the presence of the court, while indirect contempt occurs outside its immediate presence.Id. R.C. 2705.02 provides in relevant part, "a person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to a lawful writ, process, order, rule, judgment, or command of a court or an officer." Thus, the knowing failure to obey the lawful order of a court may be grounds for a finding of contempt. ArthurYoung Co. v. Kelly (1990), 68 Ohio App.3d 287, 588 N.E.2d 233.
"Contempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." Purola, supra, at 311,596 N.E.2d 1140. Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules. Civil contempt is designed to benefit the complainant and is remedial in nature. Id. Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself of the contempt by demonstrating compliance with the court's order he is charged with violating. Id. at 312, 596 N.E.2d 1140.
It is axiomatic that a trial court's power of indirect contempt is limited by the trial court's jurisdiction over the parties.[3] For example, contempt powers are extinguished as to parties to a dismissed lawsuit.
While we would find the trial court had jurisdiction over Allstate to the extent they represented the interests of Defendants, we cannot conclude the trial court had jurisdiction over whether Allstate chose to provide liability coverage. This issue of liability coverage, properly the subject of a declaratory judgment action, was not before the court. Because appellant's representative capacity for Allstate extended only to that issue, we find the trial court had no jurisdiction over him.
We further find Allstate did send a representative with the authority to settle the wrongful death claim. Mr. Huff represented the interests of the defendants for Allstate with a reservation of right to deny coverage. In that capacity, he appeared at the mediation as ordered. His decision not to tender an offer of settlement was, in fact, an exercise of his authority to settle. It does not equate to a lack of authority to settle. Accordingly, we find the parties, and their representatives were in compliance with the order referring the case to mediation.
Appellant's first assignment of error is sustained.
 II, III
In light of our disposition of appellant's first assignment of error, we find appellant's second and third assignments of error to be moot.
The October 10, 2001 Judgment Entry of the Ashland County Court of Common Pleas is reversed.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 10, 2001 Judgment Entry of the Ashland County Court of Common Pleas is reversed. Costs waived.
[1] Tr. at 3.
[2] Tr. at 16.
[3] Lioi v. Safturf Intern. Ltd. Inc., (June 25, 2001), Stark App. No. 2000CA00333, 2000CA00368.