OPINION
 STATEMENT OF THE FACTS AND CASE
This matter arose out of the divorce the parties.
Pursuant to the separation agreement, executed by the parties on July 24, 2001, Appellant agreed to provide health insurance coverage for their two minor children.
On December 11, 2001, a Stark County Common Pleas Court Magistrate ordered Appellant to provide said health insurance.
On January 24, 2002, Appellee filed a Motion for Contempt based on Appellant's failure to maintain health insurance for the children.
A contempt hearing was scheduled for February 28, 2002, but Appellant failed to show at the hearing.
A second contempt hearing was scheduled for March 19, 2002.
At this hearing Appellant admitted that he had not maintained health insurance for the children as ordered with his reason being that he did not have the money. (T. at 5).
When questioned as to his failure to appear at the 2/28/02 hearing, Appellant stated that he "was out of town." (T. at 11). He further stated that he "called Julie and asked her if she could call her attorney to postpone it, she said, I'll have to call him myself. I called him, he said, frankly, Greg, Julie is pissed at you and didn't want to move the court date. And I mistakenly did not call to move it myself, and that is why I was not here." (T. at 11).
Appellant provided no further evidence to the trial court.
At the conclusion of the hearing, the trial court found Appellant guilty of contempt for failing to maintain health insurance for the children and for failing to appear as ordered for the February 28, 2002, contempt hearing.
Appellant was sentenced to thirty (30) days in the Stark County jail.
A stay of execution of sentence pending appeal was granted after Appellant had served eight (8) days of his sentence.
It is from this finding and sentence which Appellant appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR I. "THE TRIAL COURT [SIC] ERRED IN SANCTIONING THE APPELLANT FOR CONTEMPT WITHOUT PROVIDING HIM THE OPPORTUNITY TO PURGE SAME."
 II. "THE TRIAL COURT [SIC] ABUSED ITS DISCRETION IN FINDING APPELLANT TO BE IN CONTEMPT."
 I., II.
Appellant maintains the trial court abused its discretion in holding him in contempt and further erred in not providing him with an opportunity to purge same. We disagree.
A trial court's ruling on a motion in contempt will not be disturbed on appeal absent an abuse of discretion. Pingue v. Pingue (Nov. 6, 1995), Delaware App. No. 95-2006, unreported; Smith v. Smith (Mar. 3, 1997), Stark App. No. 96-CA-0285, unreported. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must therefore look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. In re: Brumfield (June 7, 1999), Stark App. No. 1998CA00326, unreported, at 3.
A trial court may properly make a finding of contempt under many different circumstances. Contempt has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294. R.C. § 2705.02 provides in relevant part, "a person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to a lawful writ, process, order, rule, judgment, or command of a court or an officer." Such disregard may be evidenced by conduct which shows disrespect for the administration of justice, or which otherwise impedes, obstructs, or frustrates the ability of the court to perform its lawful functions. Arthur Young Co. v. Kelly (1990),68 Ohio App.3d 297. Furthermore, the knowing failure to obey the lawful order of a court may be grounds for a finding of contempt. Id.
Contempt may be either direct or indirect. Direct contempt occurs in the presence of the court, while indirect contempt takes place outside its immediate presence. In the case sub judice, the type of contempt which occurred was indirect contempt.
Indirect contempt may be either civil or criminal.
We must next determine whether the contempt was civil or criminal. In determining whether a contempt charge is civil or criminal, a reviewing court may independently evaluate the circumstances attendant to the finding of contempt without deference to the trial court. In re Purola
(1991), 73 Ohio App.3d 306
Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules.
Civil contempt is designed to benefit the complainant and is remedial in nature. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 137-142. Fines or prison sentences which are conditioned upon the performance or non-performance of an act are often examples of civil contempt. Id. An individual charged with civil contempt must be permitted to appear before the court and purge himself of contempt by demonstrating compliance with the court's order he is charged with violating. Purola, supra.
In the case of criminal contempt, there is no requirement the person charged be permitted to purge herself of the contempt. Brown v.Executive 200, Inc., (1980), 64 Ohio St.2d 250. The absence of an opportunity to purge oneself when charged with criminal contempt is appropriate because the purpose of criminal contempt is punitive. Id. Criminal contempt is usually characterized by unconditional fines or prison sentences. Id.
In the instant case, the trial court found Appellant guilty of willful contempt for violating the court's order to maintain health insurance and for failure to appear at the contempt hearing as ordered. The trial court sentenced him to 30 days in jail. The purpose of the jail sentence was punitive. The contempt was therefore criminal in nature and the trial court was therefore not required to permit Appellant to purge himself of the contempt.
Appellant asserts the trial court abused its discretion in finding him in contempt because "there is no proof of any disrespect to the trial court". (Appellant's brief at 5). A person charged with contempt for violation of a court order may defend by proving it was not in his power to obey the order. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. The party seeking to establish the defense of impossibility bares the burden of satisfying the court his failure to obey was due to his inability to render obedience. In re: Purola (1991), 73 Ohio App.3d 306, 313-114.
Upon review of the record, we find that Appellant failed to establish it was impossible for him to attend the prior hearing or impossible for him to afford to maintain health insurance for the children. Unsubstantiated claims of financial difficulties are insufficient to satisfy an alleged contemnor's burden. Pettit v. Pettit (Dec. 23, 1993), Cuyahoga App. No. 64582, unreported. Because Appellant has not substantiated his claim of financial difficultly or other impossibility, we find the trial court did not abuse its discretion in finding him in contempt.
Appellant's first and second assignments of error are overruled.
For the reasons stated herein, we hereby affirm the judgment of the Court of Common Pleas, Stark County, Ohio.
BOGGINS, J., WISE, P.J., and EDWARDS, J., concur.