DECISION AND JUDGMENT ENTRY
{¶ 1} Edward Cranford appeals the judgment of the Vinton County Court of Common Pleas, Juvenile Division. Cranford contends that the trial court erred in failing to provide him with a reasonable opportunity to purge the contempt finding entered against him. Because we find that the purge conditions ordered by the trial court were unreasonable or impossible within the time allowed between the trial court's journalization of its entry and the deadline set by the court for compliance, we agree. Accordingly, we reverse the judgment of the trial court and remand for the establishment of reasonable purge conditions in accordance with this opinion.
 I. {¶ 2} On March 8, 2002, the Vinton County Department of Job and Family Services, Child Support Enforcement Agency ("VCCSEA") filed a contempt charge against Cranford for his failure to comply with the court's July 2, 2001 entry ordering him to pay child support in the amount of $35.12 per week and $20 per month toward his arrearage for children he has with Kimberly Schuman.
 {¶ 3} The court held a hearing on August 7, 2002. At the hearing, Cranford testified that he is unemployed, and that he is able to live off of benefits he receives from the Department of Veterans Affairs, $500.81 per month. Cranford's children also receive veteran's benefits. Cranford testified that he cannot find employment that will pay him the $35.12 he needs to make his weekly child support payments. Cranford had most recently worked a temporary job as a supervisor for the Census Bureau.
 {¶ 4} Cranford has no driver's license, and he testified that he cannot get his driver's license back until he comes up with enough money to pay a reinstatement fee. Cranford stated that he is partially disabled in that he is blind in one eye, and therefore he is a hazard on a worksite and unlikely to obtain construction work. Cranford has been turned down for a sales job because he does not have a valid driver's license. Cranford admitted that he possesses an associate's degree in applied sciences, microcomputer repair. Cranford has earned credits toward a bachelor's degree, but does not have the money to complete his schooling.
 {¶ 5} Attorneys for the VCCSEA and Schuman argued at the hearing that Cranford has the ability to work and earn money so that he can pay child support, but that he chooses not to because his veteran's benefits are enough to support him.
 {¶ 6} The trial court found Cranford in contempt and sentenced him to thirty days in jail. At the hearing, the court announced that it would stay Cranford's sentence for thirty days in order to allow Cranford to purge himself of the contempt. In order to purge the contempt, the court ordered Cranford to pay the previously ordered child support in the amount of $35.12 per week plus processing fee, plus $20 per month toward arrearage. Additionally, the court ordered Cranford to pay $2,762.11, representing one-half of the total arrearage. The court also ordered that Cranford become employed and pay the costs of the action. Finally, the court ordered that if Cranford failed to comply with all of these conditions by September 9, 2002, he should report to the Vinton County Sheriff's Office on that date for thirty days incarceration.
 {¶ 7} Although the court made an oral pronouncement of its decision at the close of the hearing on August 7, 2002, the court did not journalize an entry outlining these conditions until September 4, 2002. Thus, the court ordered Cranford to comply with all the conditions of purging within five days of the filing of the entry.
 {¶ 8} Cranford appeals, asserting the following assignment of error: "The trial court erred by failing to provide Appellant with a reasonable opportunity to purge his contempt and violated his right to due process by ordering him to report to jail without the opportunity for hearing to determine whether he had purged his contempt."
 II. {¶ 9} Cranford's assignment of error raises two issues: (1) whether the trial court provided him with a reasonable opportunity to purge his contempt, and (2) whether the trial court violated his due process rights by ordering him to report to jail without holding a hearing to determine whether he had purged his contempt. However, Cranford's argument in support of his assignment of error relates only to the first of these issues. Cranford made no argument and cited no authority regarding the second issue raised by his assignment of error. Therefore, we limit our analysis to the first issue raised by Cranford in his assignment of error. See App.R. 12(A)(1)(b) and App.R. 16(A)(7).
 {¶ 10} A trial court possesses broad discretion in contempt proceedings. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11; Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. However, in fashioning the sanction for civil contempt, the court must allow the contemnor the opportunity to purge the contempt. State v. Kilbane (1980),61 Ohio St.2d 201, 207; In re Purola (1991), 73 Ohio App.3d 306, 312. A trial court abuses its discretion when it orders conditions for purging that are unreasonable or impossible for the contemnor to meet. Burchettv. Miller (1997), 123 Ohio App.3d 550, 552, citing Purola, supra.
 {¶ 11} The determination of whether a particular purge condition is unreasonable or impossible varies on a case by case basis. The contemnor bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy. See Szymczak v. Szymczak
(2000), 136 Ohio App.3d 706, 713.
 {¶ 12} In Ortmann v. Ortmann, Lucas App. No. L-01-1045, 2002-Ohio-3665, the court found that a purge contempt order that required the contemnor to pay a $4,000 support arrearage within thirty days did not constitute an abuse of discretion, where the contemnor failed to offer any evidence that he was unable to comply. Similarly, in McEneryv. McEnery (Dec. 21, 2000), Franklin App. No. 00CA69, the trial court set a purge condition requiring the contemnor to pay approximately $11,000 within a six month period, though the contemnor testified that his annual income was only $28,000. The appellate court affirmed, finding that the trial court acted within its authority in choosing to disbelieve the contemnor's testimony that he could not obtain a higher paying job. In light of the $50,000 earning potential the contemnor had, the appellate court found that the purge conditions were reasonable. Likewise, inMonastra v. Monastra (Oct. 10, 2000), Cuyahoga App. No. 76633, the contemnor did not present any evidence regarding his ability to borrow money or sell assets to satisfy his arrearage. Therefore, the appellate court affirmed the trial court's purge condition requiring the contemnor to pay $60,000 within thirty days.
 {¶ 13} In this case, the record contains evidence that Cranford possesses earning potential. He has an associate's degree and has worked as a supervisor. His weekly child support obligation is very low. Therefore it seems he could, at minimum, obtain employment in an area such as food service or retail, which would enable him to make his weekly child support payments until he finds more desirable employment. Additionally, with regard to the lump-sum payment required of Cranford toward his arrearage, Cranford did not offer any evidence regarding his ability to borrow money or sell assets. Thus, we find that the trial court acted within its discretion in ordering Cranford to comply with its purge conditions within thirty days.
 {¶ 14} However, we must agree with Cranford's assertion that a court speaks only through its journal. Hansen v. Reed (1992),63 Ohio St.3d 597, 599. Even when the court makes an oral pronouncement of its decision, it retains the right and discretion to review and revise that decision until it journalizes an entry. Id.
 {¶ 15} In this case, the court did not journalize its entry until September 4, 2002. The entry ordered that Cranford report to jail if he had not complied with the conditions by 9:00 a.m. on Monday, September 9, 2002. Thus, the court effectively gave Cranford only five days, including two weekend days, to comply with the purge conditions. Under such a time constraint, we find that it is unreasonable or impossible to comply with the purge conditions. Therefore, under these unique circumstances, we find that the purge conditions ordered by the court are unreasonable or impossible.
 {¶ 16} Accordingly, we reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee VCCSEA.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.