DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Edwin Nelson, appeals from the judgment of the Avon Lake Municipal Court, which found him in direct criminal contempt of court. We reverse and remand.
 {¶ 2} On April 2, 2002, Defendant was cited for a violation of R.C. 4513.33. The charge was subsequently dismissed; however, Defendant was assessed court costs in the amount of $43.00. Defendant wrote a check to the Avon Lake Clerk of Courts for the stated amount. In the lower left-hand corner of the check, Defendant wrote, "this is Bullshit Case #TRD 0200232 Ticket #018818."
 {¶ 3} Thereafter, the Avon Lake Municipal Court filed a notice to appear on a contempt action. A hearing was held, and a trial was scheduled for June 13, 2002. The case was submitted on stipulations. Defendant was found guilty of direct criminal contempt and was fined $250 in costs and sentenced to three days in jail. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred when it found [Defendant] guilty of direct contempt of court."
 {¶ 4} In his sole assignment of error, Defendant asserts that the trial court erred in determining that he was guilty of direct contempt of court. We agree.
 {¶ 5} Contempt of court is defined as the disregard for, or the disobedience of, an order of a court. Thompson v. Thompson (Aug. 22, 2001), 9th Dist. No. 00CA007747, at 2. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." WindhamBank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus.
 {¶ 6} Contempt may be either direct or indirect in nature. While indirect contempt includes acts or omissions committed outside the presence of the court, direct contempt involves the misbehavior of an individual while in the actual or constructive presence of the court or an officer of the court. Thompson, supra, at 2-3, citing Scherer v.Scherer (1991), 72 Ohio App.3d 211, 213-14. This Court has previously held that conduct will only be considered direct contempt if it constitutes "an imminent, not merely a likely, threat to the administration of justice." Thompson, supra, at 6, quoting In re Little
(1972), 404 U.S. 553, 555. See, also, State v. King, 8th Dist. No. 80958, 2002-Ohio-7228, at ¶ 3. The language must immediately imperil the court's functions and not simply pose a remote or probable danger of doing so. Thompson, supra, at 6, quoting In re Little, 404 U.S. at 555. Furthermore, we note that disrespectful language does not immediately imperil the wheels of justice. Id. See, also, North Kingsville v.Maddox, 11th Dist. No. 2001-A-0052, 2002-Ohio-7122, at ¶ 19; Statev. Conliff (1978), 61 Ohio App.2d 185, 189 (stating that the "court must be careful to guard against confusing actions or words which are contemptuous to the judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice").
 {¶ 7} Additionally, contempt is further categorized as civil or criminal. In re Purola (1991), 73 Ohio App.3d 306, 311. This categorization is dependent on the character and purpose of the contempt sanctions. Id. Criminal contempt involves offenses against the process of the court and its sanctions therefore are punitive in nature. State v.Maynard, 9th Dist. No. 02CA008067, 2002-Ohio-5260, at ¶ 7. An action for criminal contempt must be proven beyond a reasonable doubt. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, syllabus. The court must consider the totality of the circumstances and ascertain whether the contemnor had the intent to obstruct the administration of justice or disobey an order of the court. DeMoss v. Lappin (June 15, 1994), 9th Dist. Nos. 16428 and 16566, at 6. A reviewing court must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor intended to defy the court or obstruct the administration of justice. Maynard at ¶ 8-9.
 {¶ 8} In the present case, the charges against Defendant were dismissed. However, he was ordered to pay court costs in the amount of $43.00. Although Defendant complied with this order, he inserted the phrase "this is Bullshit" in the "memo" area on the face of the tendered check. While these words may have been offensive to the court, such an action does not "rise to the level necessary to immediately imperil the wheels of justice[;]" the words do not pose an imminent threat to the court's functioning. See Thompson, supra, at 6. Upon review, we are unable to conclude that the insertion of this vulgar statement onto the check tendered to the clerk of courts constituted proof beyond a reasonable doubt of direct contempt. There is no evidence that the check was unable to be processed. Nor is there any indication that the administration of justice was immediately imperiled. Accordingly, Defendant's assignment of error is sustained.
 {¶ 9} Defendant's assignment of error is sustained. The judgment of the Avon Lake Municipal Court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and remanded.
BATCHELDER, J. CONCURS. CARR, J. CONCURS IN JUDGMENT ONLY.