OPINION.
{¶ 1} Rupinderpaul Sumra (husband) was found to be in contempt for violating a provision of the parties' final decree and judgment of divorce, which was entered November 29, 2001, that ordered him to pay $1,500 of the wife's attorney fees within sixty days of the filing of the decree.
 {¶ 2} When the husband failed to pay, the wife, Beant Sumra, the $1,500 as ordered, or "return (the wife's) jewelry," as also ordered by the decree, the wife sought to hold the husband in contempt. After an evidentiary hearing before the court's magistrate, the magistrate entered the following:
 {¶ 3} "IT IS THEREFORE RECOMMENDED AND ORDERED that:
 {¶ 4} "1. Branch one of defendant's motion is sustained. Plaintiff is found in contempt for his failure to pay to defendant the sum of $1,500 per the terms of the decree. Plaintiff shall pay this sum to defendant within sixty (60) days of the filing of this order. A 10 day jail sentence and $250 fine are suspended. Defendant is awarded additional attorney fees in the amount of $350 as a result of this contempt finding. Plaintiff shall have the opportunity to purge himself of this contempt finding by paying to defendant the additional attorney fee award in the amount of $350 within thirty (30) days of the filing of this order.
 {¶ 5} "2. Branch two of defendant's motion is sustained. Plaintiff is found in contempt for his failure to return to defendant her jewelry per the terms of the decree of divorce. A 10 day jail sentence and $250 fine are suspended. Plaintiff shall be given the opportunity to purge himself of this contempt finding by returning the jewelry to defendant within thirty (30) days of the filing of this order."
 {¶ 6} After the husband filed objections, the trial court ordered as follows:
 {¶ 7} "1. Plaintiff's objection to the Magistrate Decision and Permanent Order of July 22, 2002 as it pertains to an award of attorney fees is without merit and overruled.
 {¶ 8} "2. Plaintiff's objection to the Magistrate Decision and Permanent Order of July 22, 2002 as it pertains to the finding of contempt for failure to return jewelry is well taken. The defendant shall prepare a specific list of her wedding jewelry and provide the same to the plaintiff within seven (7) days of this decision. The plaintiff shall return the wedding jewelry on the list within three (3) days receipt of the list.
 {¶ 9} "3. Plaintiff's objection to the Magistrate Decision and Permanent Order of July 22, 2002 as it pertains to the violation of his due process of rights is without merit and is overruled.
 {¶ 10} "4. Plaintiff is hereby found in contempt for his failure to pay the attorney fees of $1,500 as ordered in the final decree of divorce filed November 29, 2001. Plaintiff is sentenced to 10 days in jail and fined $250. The jail sentence and fine are suspended upon the condition that plaintiff pay defendant $1,500 within 30 days of the filing of this order.
 {¶ 11} "5. Plaintiff shall pay defendant $350 as and for attorney fees as a result of the contempt finding in this matter.
 {¶ 12} "6. Plaintiff is hereby ordered to pay the defendant a total of $1,850 within 30 days of the filing of this order."
 {¶ 13} On appeal, the husband advances five assignments of error. The first, second, and fourth assignments are for all intents and purposes indistinguishable from one another and we will treat them together.
 {¶ 14} "I. The trial court erred by finding the plaintiff-appellant in contempt for failing to pay attorney fees where the manifest weight of the evidence before the court could only lead to the conclusion that the plaintiff-appellant did not have sufficient funds to pay attorney fees.
 {¶ 15} "II. The trial court erred by abusing its discretion when it found the plaintiff-appellant in contempt for failing to pay attorney fees where the evidence before the court was that the plaintiff-appellant was unemployed, had filed bankruptcy, and therefore unable to obtain sufficient funds to pay attorney fees.
 {¶ 16} "IV. The trial court erred by finding the plaintiff-appellant in contempt for failing to pay attorney fees when the evidence before the court at the time of the hearing held in this matter was that the plaintiff-appellant was unemployed, had filed bankruptcy, and therefore unable to comply with the court's order, thus the decision is contrary to law."
 {¶ 17} The husband's primary contention in these assignments of error is that he should not have been held in contempt because the evidence established he was unable to pay the attorney fees awarded to the wife.
 {¶ 18} The husband also appears to suggest that the award of $1,500 for the wife's attorney fees was itself improper. We will not address this issue as there was no appeal from the final decree and judgment of divorce, which would have been the appropriate vehicle for attacking the award itself.
 {¶ 19} Returning to the husband's primary contention, it was undisputed that he had not paid the award of attorney fees. The husband bore the burden of proving he was unable to pay the award. See In rePurota (1991), 73 Ohio App.3d 306, 313; Courtney v. Courtney (1984),16 Ohio App.3d 329, 334.
 {¶ 20} In his reply brief, the husband's stated age is thirty-nine. His testimony was that he had recently filed Chapter 7 bankruptcy, and was unemployed although he was actively seeking employment in the food service industry. He possesses a bachelor's degree in electrical engineering from the University of Dayton, but doesn't work in that profession because of "the recent . . . national security threat and also because (he) had a drug problem." He resided with his parents who were "helping" him and he had no expenses except fuel and maintenance on his parents' truck. His father was currently in the real estate development business and his mother was currently a Dayton City school teacher.
 {¶ 21} Neither the magistrate nor the trial court commented on the credibility of the husband's testimony. It appears that they concluded — assuming the truth of the husband's testimony — that it would not have been impossible for him to have raised $1,500 in the eight months that had elapsed since the final decree had been filed. The parties had no children although the husband stated in 1999 in an affidavit of income, expenses, and financial disclosure, that he had a son living in his household who would have been seven at the time of the contempt hearing. The husband's parents, who were both employed, were providing him with what appears to be free room and board. Other than fueling and maintaining the parents' truck, the husband said he had no expenses. In our judgment, the magistrate and trial court could have reasonably determined that the husband had failed to demonstrate the impossibility of raising $1,500 to pay the wife's fee award.
 {¶ 22} The first, second, and fourth assignments of error are overruled.
 {¶ 23} "III. The trial court erred by finding the plaintiff-appellant in contempt for failing to pay attorney fees when the plaintiff-appellant was not provided counsel in a contempt proceeding and the court made no inquiry as to whether the plaintiff-appellant had funds with which to retain an attorney in violation of plaintiff-appellant's due process rights."
 {¶ 24} An indigent person facing jail time as a result of contempt proceedings is entitled to appointed legal counsel. At the beginning of the contempt hearing, the following exchange occurred between the magistrate and the husband:
 {¶ 25} "THE COURT: This is Case Number 99-DR-1321 in the Sumra matter. The plaintiff, Mr. Sumra, is present. The defendant, Ms. Sumra, is present with her counsel of record, Attorney Kirkland. Mr. Sumra, do you have an attorney representing you today, sir?
 {¶ 26} "MR. SUMRA: Uh — No, ma'am. I'm representing myself.
 {¶ 27} "THE COURT: Okay. Just so that — umm — we are clear on a couple of things, this is a contempt proceeding. Okay. They're alleging that there are certain things that you've been required to do that you have not done. If I find that you are in contempt of court, I — I could, not that I would, but I do have the option of sentencing you to 30 days in jail and/or a $250 fine.
 {¶ 28} "In addition — uh — I would require you to pay attorney's fees in the amount of up to $350 towards — umm — Ms. Sumra's attorney's fees for Mr. Kirkland to represent her. Okay? Now, understanding the fact that those are the — what could happen, do you still want to represent yourself in this matter?
 {¶ 29} "MR. SUMRA: Uh — Yes, ma'am.
 {¶ 30} "THE COURT: Okay. I have the — umm — I am required to inform you then of the following rights that you do have since this is a contempt proceeding. You — uh — have the right to an attorney. Okay. If I would find you to be indigent, I could appoint counsel to represent you. You have the right to a hearing. The right to question witnesses against you. The right to present your own evidence. The right to force witnesses to appear on your behalf and testify.
 {¶ 31} "The right to have the case proven beyond clear and convincing evidence, as this is a civil contempt proceeding. The right not to testify against yourself in this matter. And the right to appeal any final decision reached by this court. Do you understand those rights?
 {¶ 32} "MR. SUMRA: Yes, ma'am.
 {¶ 33} "THE COURT: Understanding those rights, do you still wish to waive your right to an attorney?
 {¶ 34} "MR. SUMRA: Yes — Yes, ma'am.
 {¶ 35} "THE COURT: Okay. If you'll step forward, I have a document that I need to have your signature on. This is the information that I just read to you. If you do, in fact, want to waive your right to an attorney and you do understand your rights that I have just read to you, I need to sign your signature where I've marked with an "X" at both locations.
 {¶ 36} "MR. SUMRA: Okay. This is my right to waive the attorney?
 {¶ 37} "THE COURT: The right to waive an attorney and also indicating that you understand the rights that I have just read to you.
 {¶ 38} "MR. SUMRA: Okay.
 {¶ 39} "THE COURT: And take your time if you'd like to read that further.
 {¶ 40} "MR. SUMRA: On both —
 {¶ 41} "THE COURT: Yes. Uh-huh. And then if you'll date it for me, please. Today is July the 8th. Great. Thank you."
 {¶ 42} The document the husband signed is as follows:
 {¶ 43} "1. I have been informed a motion or attachment has been filed alleging I am in contempt of this court's order(s).
 {¶ 44} "2. I have further been advised that if I am found to be in contempt I may go to jail for up to 30 days and/or be fined up to $250. If this is my second, third or further subsequent offense, I understand the penalties are substantially greater.
 {¶ 45} "3. I have been informed I have the following rights:
 {¶ 46} "A. The right to an attorney, and if the court determines I am indigent, a public defender attorney will be provided to me at no cost;
 {¶ 47} "B. The right to a hearing;
 {¶ 48} "C. The right to question witnesses against me;
 {¶ 49} "D. The right to present my own evidence, including the testimony of my witnesses;
 {¶ 50} "E. The right to force witnesses to appear for me;
 {¶ 51} "F. The right to have the contempt proven by proof beyond a reasonable doubt in the case of criminal contempt, or by clear and convincing evidence in the case of civil contempt;
 {¶ 52} "G. The right not to testify against myself;
 {¶ 53} "H. The right to appeal any final decision reached in this case.
 {¶ 54} "4. I understand if I decide not to hire an attorney or not to accept a public defender attorney, the court may proceed with a hearing, make a determination on the allegations, and impose a sentence if I am found to be in contempt of court.
 {¶ 55} "I (have) (cannot) read the rights listed above (they were read to me). I have had the opportunity to question the Court as to each one and I fully understand my rights in this matter.
 {¶ 56} "I voluntarily waive my right to an attorney."
 {¶ 57} Under this assignment, the husband claims that the magistrate's failure to appoint counsel for him or to inquire regarding his ability to retain counsel violated his right to due process.
 {¶ 58} We disagree.
 {¶ 59} The magistrate told the husband — a thirty-nine-year-old man with a degree in electrical engineering — that he had a right to an attorney and that she could appoint him counsel if she found him indigent. The written document the husband signed reinforced the magistrate's oral advice.
 {¶ 60} No failure of comprehension is apparent.
 {¶ 61} If the husband wanted appointed counsel because of indigency, he could have said so. The magistrate informed the husband of his right to counsel, and his right to appointed counsel if he was indigent. Due process required no more.
 {¶ 62} The third assignment is overruled.
 {¶ 63} "V. The trial court correctly found that language in the final decree of divorce was not enforceable but erred when it then issued an order for the preparation of a list by the defendant-appellee which would constitute an amendment of the final decree of divorce."
 {¶ 64} The husband first asserts under this assignment that the trial court's order — quoted above — that he give the wife the jewelry on a list to be prepared by the wife constitutes an amendment of the final decree for which the trial court lacked jurisdiction.
 {¶ 65} We disagree.
 {¶ 66} The decree required that "the (husband) return (the wife's) jewelry." The trial court's order does not amend or modify the decree. Rather, it clarifies the husband's responsibility under the decree. The trial court had the jurisdiction to do this.
 {¶ 67} We do agree with the husband that he is entitled to an evidentiary hearing — if the parties cannot come to an agreement — to determine what jewelry belongs to the wife.
 {¶ 68} At the contempt hearing, the parties' testimony conflicted as to what jewelry belongs to the wife and what jewelry belongs to the husband's mother. The fifth assignment is sustained in part and overruled in part.
 {¶ 69} We will remand this matter for an evidentiary hearing to determine what jewelry belongs to the wife. Except as necessary to reverse in order to accomplish this remand, the judgment will be affirmed.
FAIN, P.J. and BROGAN, J., concur.