OPINION *Page 2 
{¶ 1} Defendant-appellant Donna Walker (formerly known as Donna Ledbetter) appeals from the September 27, 2006, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, finding her in contempt.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Donna Walker (formerly known as Donna Ledbetter) and appellee Charles Ledbetter were married on March 19, 2002. The parties have one child, Margaret Ledbetter, who was born on January 23, 2002. Margaret was diagnosed with diabetes.
 {¶ 3} On June 25, 2003, appellee filed a complaint for divorce against appellant. Pursuant to a Judgment Entry Decree of Divorce filed on November 8, 2004, appellant was designated the residential parent and legal custodian of Margaret and appellee was granted companionship rights.
 {¶ 4} On August 19, 2005, appellee filed a Motion for Contempt against appellant, alleging, in part, that appellant refused to permit him to exercise his companionship rights. A show cause hearing was scheduled for October 26, 2005, and, on October 26, 2005, the trial court scheduled an evidentiary hearing for February 13, 2006.
 {¶ 5} Pursuant to a Judgment Entry filed on February 13, 2006, the trial court ordered appellant to "immediately provide insurance card for Margaret Ledbetter to [appellee] for his use." Both parties approved the trial court's February 13, 2006, entry.
 {¶ 6} Thereafter, on March 3, 2006, appellee filed a Motion for Contempt against appellant. Appellee, in his motion, alleged that while appellant did turn over an *Page 3 
insurance card for Margaret to him, "when he attempted to use the insurance card to obtain diabetic supplies for the minor child at Marc's Pharmacy in Alliance, Ohio, the affiant not only discovered that the insurance card that he had been provided by the Defendant [appellant] was not good for use by the affiant, but he also discovered that on February 15, 2006, the Defendant had instructed Marc's Pharmacy not to permit anyone except for the Defendant [appellant] and her mother, to pick up any prescriptions for the minor child."
 {¶ 7} A contempt/show cause hearing was scheduled for June 19, 2006. At the request of the parties, who were attempting to settle the matter, the hearing was continued to September 27, 2006.
 {¶ 8} As memorialized in a Judgment Entry filed on September 27, 2006, following the evidentiary hearing, the trial court stated, in relevant part, as follows:
 {¶ 9} "The court finds that the defendant [appellant] knowingly and willfully violated the 2-13-6 order by failing to provide an insurance card for the purpose of the plaintiff [appellee] to be able to pick up Maggie's medications as alleged."
 {¶ 10} The trial court, in its entry, sentenced appellant to 30 days in jail and ordered her to pay a $250.00 fine and costs. In a separate Judgment Entry filed the same day, the trial court ordered that 29 days of the jail time be suspended.
 {¶ 11} Appellant now appeals from the trial court's September 27, 2006, Judgment Entry finding her in contempt, raising the following assignment of error:
 {¶ 12} "THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION AND THE COURT'S FINDING OF WILLFUL CONTEMPT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 I {¶ 13} Appellant, in her sole assignment of error, argues that the evidence presented at the evidentiary hearing before the trial court on September 27, 2006, was insufficient to support a finding of willful contempt and that such finding is against the manifest weight of the evidence. We disagree.
 {¶ 14} A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. State ex rel. Ventrone v.Birkel (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} When appellate review of contempt adjudication entails an inquiry into the weight of the evidence to sustain the judgment, the applicable standard of review turns upon the nature of the contempt decree. A finding of civil contempt may be made upon clear and convincing evidence, whereas a judgment of criminal contempt requires proof beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 416 N.E.2d 610.
 {¶ 16} If the contempt charge is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order. Chilcote v. Gleason Const. Co. Ashland App. No. 01COA01397, 2002-Ohio-746.
 {¶ 17} The parties in the case sub judice agree that trial court found appellant guilty of criminal contempt. Criminal contempt is usually characterized by unconditional *Page 5 
fines or prison sentences. In re Purola (1991), 73 Ohio App.3d 306, 311,596 N.E.2d 1140.
 {¶ 18} In the case sub judice, the trial court's February 13, 2006, Judgment Entry ordered appellant to "immediately provide insurance card for Margaret Ledbetter to [appellee] for his use." The parties do not dispute that appellant provided appellee with a copy of the insurance card on February 13, 2006.
 {¶ 19} However, while appellant contends that she cannot be held in contempt because she provided the insurance card to appellee, we disagree. It is not enough that appellant provided the insurance card to appellee. The trial court's order also clearly and unambiguously required that the card be provided to appellee "for his use." We concur with appellee that such language clearly required that the card be capable of use by appellee. However, testimony was adduced at the hearing that appellant prevented appellee from using the insurance card by delivering a letter to Marc's Pharmacy, the pharmacy used by the parties for Margaret's supplies. Appellant, in such letter, instructed the pharmacy as follows:
 {¶ 20} "Marc's Pharmacy — Dear Larry, Please do not allow anyone, exsect [sic] Margaret F. Walker and myself — Donna M. Walker — to pick up Margaret T. Ledbetter's prescriptions . . . I am the insured and my daughter (Maggie T. Ledbetter) is in my custody. I need those prescriptions."
 {¶ 21} Testimony also was adduced at the hearing that one of the prescriptions filled out by Margaret's physician stated that "Donna Walker and [her mother] only authorized to pick up." As a result of appellant's actions, when appellee went to the pharmacy to pick up supplies for Margaret, the pharmacy refused to honor the *Page 6 
insurance card that appellant had provided to appellee. At the hearing, appellee testified that he had never been able to use the insurance card that appellant provided to him to purchase any supplies or prescriptions for Margaret. Thus, appellant never provided an insurance card to appellee "for his use."
 {¶ 22} Based on the foregoing, we find that the trial court did not abuse its discretion in finding appellant in willful contempt. There was evidence beyond a reasonable doubt supporting the trial court's decision.
 {¶ 23} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 24} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
 Edwards, J., Gwin, P.J., and Hoffman, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 1